**Jose Joel JIMENEZ, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 73-2605

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 13, 1973.

Certiorari Denied April 1, 1974. See 94 S.Ct. 1623.

Jose Joel Jimenez, pro se.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Jose Joel Jimenez was duly convicted after he pled guilty to two separate offenses of transporting and smuggling marijuana, a violation of 21 U.S.C. § 176(a). He appeals from the district court's rejection of his Section 2255 petition to vacate his concurrent 15 year sentences. Jimenez contends that his guilty plea was infirm because (1) he was misled and coerced by both his own counsel and the trial court when they mistakenly informed him that by statute the sentence to be imposed did not carry the possibility of probation or parole; (2) the trial judge did not specifically enumerate and advise him of the full panoply of rights that his plea would operate to waive; and (3) the trial judge accepted his plea without determining that it was supported by the facts. Additionally, he asserts that his retained attorney was incompetent. Each and all of these assignments of error are without merit.

Only one point warrants discussion here. A trial court's use of the actual indictment as the sole source for establishing the factual basis of the plea may not always be adequate to determine "that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty," [1] especial-

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

1. Fed.R.Crim.P. 11, Notes of Advisory Committee on Criminal Rules.

ly where the facts and law are complex. *See* United States v. White, 483 F.2d 71 (5th Cir. 1973); Majko v. United States, 457 F.2d 790 (7th Cir. 1972); United States v. Cody, 438 F.2d 287 (8th Cir. 1971). However, in Jimenez's case the inquiry made, though based principally on the counts of the indictment, was factually precise enough and sufficiently specific to develop that Jimenez's conduct on the occasions involved was within the ambit of that defined as criminal. The acceptance of the pleas accorded both with Fed.R.Crim.P. 11 and United States v. McCarthy, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

Affirmed.