**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Weldon Mack GEARIN, Defendant-
Appellant.**

**No. 74–1377**

**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

June 24, 1974.

Rehearing Denied Aug. 28, 1974.

---

\* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Walter W. Furlong, Atlanta, Ga. (Court appointed), Thomas A. Travis, Jr., Atlanta, Ga., for defendant-appellant.

John W. Stokes, U. S. Atty., Gale McKenzie, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

GEWIN, Circuit Judge:

## I

On November 6, 1973, a three-count indictment was returned charging appellant Weldon Mack Gearin in count one with the possession of stolen mail matter, a United States Treasury check, knowing the same to be stolen, in violation of 18 U.S.C. § 1708 (1970) and in count three with aiding and abetting Billy Shelton Kittrell in uttering the stolen check in violation of 18 U.S.C. § 495 (1970). Delphia Lee Trover, appellant's common-law wife, in addition to being named in count one, was charged in count two with falsely forging the name of the payee on the stolen check. Kittrell was named in counts one and three along with appellant. The appellant entered pleas of guilty to counts one and three and was sentenced to two years imprisonment on each count, the sentences to run concurrently. Thereafter he filed a motion to withdraw his guilty plea which was denied. He appeals from the order of denial. We affirm.

On November 9, 1973, Gearin, Trover and Kittrell appeared before the district court for arraignment. All three defendants asserted that they wished to waive their right to assistance of appointed counsel. Appellant stated that he understood that he was entitled to appointed counsel but did not wish counsel.

Government counsel then reviewed the three-count indictment with each defend-

ant. Both Trover and Kittrell affirmed that they understood the charges and readily admitted their individual guilt. Government counsel then addressed appellant Gearin stating:

All right, Mr. Gearin, you're charged —I've already read to you the charges in Count 1 with possession of stolen mail matter, knowing it to be stolen; and in Count 3 with helping Mr. Kittrell get the check cashed over the forged signature?

MR. GEARIN: That's right.

MISS MCKENZIE: [government counsel] All right. And you previously received a copy of the indictment, is that correct?

MR. GEARIN: Yes, maam.

MISS MCKENZIE: And you wish to waive the presence of counsel and plead guilty to Counts 1 and 3, is that correct?

MR. GEARIN: Yes, maam.

MISS MCKENZIE: Would you please sign this plea form—before that, I forgot to advise you that the maximum penalty for a plea of guilty to Counts 1 and 3 could be up to three thousand dollars fine and fifteen years in the penitentiary, or both.

MR. GEARIN: Yes, maam.

MISS MCKENZIE: Do you understand that?

MR. GEARIN: Yes, maam.

MISS MCKENZIE: All right. Would you please sign this paper with your name—

Appellant executed the plea form which admitted his guilt and specifically waived the right to the assistance of counsel.

Following the colloquy between government counsel and appellant, the district judge questioned both appellant and Kittrell since they were charged under the same counts.

THE COURT: All right, gentlemen, let me as[k] you a few questions. Now, you're sure you don't want a lawyer?

MR. GEARIN: No, your honor.

MR. KITTRELL: No. sir.

THE COURT: Do both of you, or each of you understand that if I ac-cept these pleas of guilty, you don't get a trial?

MR. GEARIN: Yes, sir.

MR. KITTRELL: Yes, sir.

THE COURT: You waive your constitutional rights, the presumption of innocence, the right to confront witnesses against you, and all that's left to do is for me to sentence you? [sic] Do you understand that?

MR. GEARIN: Yes sir, Your Honor. I do.

MR. KITTRELL: Yes, sir.

Repeating government counsel's earlier warning the court informed appellant of the maximum sentence that he could receive under both counts.

The district court then inquired of appellant whether he was guilty of the charges and appellant replied that he was. In response to court questioning concerning count one of the indictment, appellant admitted that he had the stolen U. S. Treasury check under his control and in his possession.

THE COURT: Did you have it [the check] in your possession?

MR. GEARIN: Yes, sir; I did.

THE COURT: Did you know it was stolen?

MR. GEARIN: Yes, sir; I knew it was stolen.

\* \* \* \* \* \*

THE COURT: And did you cash or attempt to cash this check, knowing it to be stolen?

MR. GEARIN: I didn't cash the check, Judge, Your Honor. Mr. Kittrell here, I went with him to get the check cashed.

THE COURT: Well, you were sort of helping him, were you?

MR. GEARIN: Yes, sir; I was.

THE COURT: Were you going to split the money?

MR. GEARIN: That was the way it was supposed to have been; but I didn't—

THE COURT: The fact it didn't succeed doesn't make any difference.

\* \* \* \* \* \*

THE COURT: Do you enter these pleas freely and voluntarily, without

anybody threatening you or promising you anything to get you to do such?

MR. KITTRELL: Yes, sir.

MR. GEARIN: Yes, sir.

Accordingly, the district court accepted the tendered guilty pleas.

As indicated earlier, on December 14, 1973, the district court sentenced appellant to two years on each of the two counts, the sentences to run concurrently. No fine was imposed. On January 2, 1974, appellant filed a motion to withdraw his prior guilty plea and by affidavit in support of his motion asserted that he did not know that the U. S. Treasury check had been stolen *at the time* he possessed it or when it had been presented for cashing. On the same day, the district court denied appellant's motion to withdraw his plea. Before sentence was imposed the district judge inquired of appellant whether he had received a copy of his prior record and whether the record was correct. He replied in the affirmative. The record indicates that appellant has been arrested on numerous occasions and been convicted on at least six different occasions. Former convictions related to forgery, theft and burglary. The appellant was not a stranger to criminal court proceedings.

## II

On this appeal, appellant asserts that his guilty plea was not intelligently made and the proceedings below did not comply with Rule 11 of the Federal Rules of Criminal Procedure. First, appellant contends that the district court did not elicit a complete factual predicate on which to base appellant's guilty pleas as required by Rule 11. Second, appellant asserts that the district court did not determine whether appellant actually knew that the check was stolen *at the time* he possessed it or cashed it. Finally, he argues that the court did not advise him completely of all the Constitutional rights which he would relinquish as a result of his tendered plea. Finding no merit in any of appellant's contentions, we affirm the order of the district court denying appellant the right to withdraw his guilty plea.

## III

Rule 11 of the Federal Rules of Criminal Procedure provides:

A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

Thus, under Rule 11, before a guilty plea may be accepted the court must determine (1) whether the plea is made voluntarily; (2) whether the defendant makes his plea with an understanding of the nature of the charge; and (3) whether the defendant understands the consequences which may result from his plea. Additionally, the court may not enter a judgment resulting from a guilty plea without first independently satisfying itself that "there is a factual basis for the plea." *See* Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In short, Rule 11 seeks to assure that the defendant enters a voluntary guilty plea with an understanding of the potential consequences of the plea and that the district judge makes certain that there is a basis in fact for the plea. *See* McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

The district court ascertained the voluntariness of appellant's admission of guilt and adequately developed a factual basis for his guilty plea. Warren v. United States, 488 F.2d 862 (5th Cir. 1974). The court's inquiry was "factually precise enough and sufficiently specific to develop that [appellant's] conduct on the occasions involved was within the ambit of that defined as criminal." Jimenez v. United States, 487 F.2d 212, 213 (5th Cir. 1974).

Appellant's belated claim that he did not know that the U. S. Treasury check was stolen at the time he possessed it or when it was cashed is plainly refuted by the facts elicited at the arraignment proceeding. Government counsel informed appellant that he was charged in count one with possession of stolen matter, *knowing it to be stolen.* Further, the district judge asked appellant if he knew that the check was stolen at the time he possessed it and appellant responded in the affirmative.

The record demonstrates that appellant was positively informed that a key element of the offenses charged in the indictment required contemporaneous knowledge of the stolen character of the check. Mrs. Trover, during questioning by the court, stated that she did not know the check was stolen when she signed it. The court immediately stated that it could not accept her guilty plea since knowledge was an essential element of the offense charged against her. Appellant was present when this discussion occurred. Considering this discussion and the specific questions addressed to the appellant, we find his contentions to be without merit.

Finally, appellant contends that the district court did not advise him of all his constitutional rights. Appellant asseverates that the district court did not warn him that his plea of guilty waived his privilege against compulsory self-incrimination. He relies on our decision in United States v. Escandar, 465 F.2d 438 (1972), where the court stated that:

A guilty plea constitutes a waiver of at least three fundamentally important Constitutional rights—(i) the privilege against self-incrimination, (ii) the right to a full-dress trial (with a jury if Defendant so chooses) and (iii) the right to confront accusers. Constitutional rights can be waived but the accused must have actual knowledge of their existence, full understanding of their meaning and clear comprehension of the consequence of their waiver. [465 F.2d at 441]

\*　\*　\*　\*　\*　\*

Therefore, before a plea of guilty can be accepted, the Trial Judge must personally address the Defendant, ques-

tion him explicitly, explain the Constitutional rights involved and satisfy himself that the accused has "a full understanding of what his plea of guilty connotes and of its consequences." (citation omitted) [Id.]

Thus appellant asserts that his plea is infirm since he was not informed of *all* of his constitutional rights. See Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

█ Our reading of the proceedings below leads us to conclude that appellant was informed of the vital constitutional rights which he would relinquish as a result of his guilty plea. The district court informed appellant that his guilty plea would result in appellant losing the right to (a) a trial; (b) the presumption of innocence; and, (c) the right to confront witnesses. We think that the *presumption of innocence* which appellant was warned would be vitiated by his plea is equivalent in nature to the privilege against compulsory self-incrimination. The Supreme Court has stated:

That a guilty plea is a grave and solemn act to be accepted only with care and discernment has long been recognized. Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment. He thus stands as a witness against himself and he is shielded by the Fifth Amendment from being compelled to do so—hence the minimum requirement that his plea be the voluntary expression of his own choice. But the plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial—a waiver of his right to trial before a jury or a judge. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences. (footnotes omitted)

Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970). Under the *Brady* decision, a court should look to the totality of the

circumstances evidenced by the record to determine whether a plea was voluntarily and intelligently made. Specific judicial incantations of constitutional rights is not the litmus test under Rule 11 or the Constitution. See McChesney v. Henderson, 482 F.2d 1101 (5th Cir. 1973).

The supposition on which appellant bases his argument has been laid to rest by this court. In United States v. Frontero, 452 F.2d 406, 415 (5th Cir. 1971), Judge Wisdom stated that:

> This Court is, however, aware of no precedent, from the Supreme Court or elsewhere, for the proposition that due process requires that a defendant be informed of each and every right which is waived by a guilty plea or that the waiver of these rights is a "consequence", within the meaning of Rule 11, of which a defendant must be personally informed before a guilty plea may be accepted.

We think that the record in the instant case demonstrates that appellant was placed on notice of his fundamental rights and accordingly he intelligently and voluntarily tendered his plea. See Lockett v. Henderson, 484 F.2d 62 (5th Cir. 1973).

▉ Of course, this opinion in no way reduces the solemn responsibility of the district court in determining whether the plea is actually voluntary and intelligently made. It is far better to develop a full record and specifically warn a defendant of his fundamental constitutional rights in precise terms than to leave the problem to a Court of Appeals which will be faced with combing the record to determine the character of the defendant's plea. A district court should approach the plea process under the assumption that the defendant is ignorant of all his constitutional rights. Complete discussion should ensue in order to make sure that an intelligent plea may be made.

In this case, these *minimum* discussions occurred. The far better practice would be a more complete elucidation of the defendant's understanding of his plea. Careful and cautious procedure would tend to substantially reduce collateral attacks following sentencing and would expedite summary disposition of the claims of those prisoners who cry "wolf" in the hope of receiving a second chance to plead.

Judgment affirmed.

## ON PETITION FOR REHEARING

### PER CURIAM:

The appellant continues to insist that the record fails to reveal that he knew the check involved in this case was stolen "at the time the crime was committed." As we read the statements made by the appellant in the circumstances disclosed by the record and quotations in our opinion, we are convinced that he acknowledged to the court that he knew the check was stolen when he possessed it and also when he accompanied Kittrell in an effort to cash it. Indeed he asserted that he was assisting Kittrell and that they were "going to split the money."

It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied.