Robert G. BURROUGHS, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 72–3665.

United States Court of Appeals, Fifth Circuit.

July 11, 1975.

1971 on his plea of guilty to bringing 1½ pounds of marijuana into the United States in violation of the then applicable Marijuana Tax Act. 26 U.S.C. § 4744(a)(2).[1] Relying principally upon McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), Burroughs contends that the sentencing court failed to comply with Fed.R. Crim.P. 11. The attack centers on the use of a written guilty plea form, which Burroughs contends failed to satisfy Rule 11's direction that the court address him personally in taking his plea. Alternatively Burroughs contends the particular form he swore to was too incomplete to be effective. On the authority of United States v. Sapp, 439 F.2d 817 (5th Cir. 1971), the district court denied relief. We affirm.

Burroughs was arraigned with two codefendants. The transcript of that proceeding reflected the following exchanges between Burroughs and the judge:

\*  \*  \*  \*  \*  \*

The Court: You are Burroughs?

Defendant Burroughs: Yes, sir.

\*  \*  \*  \*  .\*  \*

(Count three of the indictment was read)

Mr. Aguilar: To count three of this indictment Robert Gilbert Burroughs, how do you plead, guilty or not guilty?

Defendant Burroughs: Guilty.

The Court: Each of you young men is entering the guilty plea because in fact you are guilty of the offense?

Defendant Burroughs: Yes, sir.

\*  \*  \*  \*  \*  \*

The Court: You understand what it is you are charged with?

Defendant Burroughs: Yes, sir.

\*  \*  \*  \*  \*  \*

Richard G. Morales, Jr., Laredo, Tex. (Court appointed), for petitioner-appellant.

Edward McDonough, Jr., U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for respondent-appellee.

Before GOLDBERG, CLARK and GEE, Circuit Judges.

CLARK, Circuit Judge:

In June, 1972, Robert G. Burroughs commenced the present action with a motion under 28 U.S.C. § 2255 to vacate the sentence imposed upon him in April

1. This and other regulatory tax sections dealing with narcotic drugs were repealed by the Act of October 27, 1970, Pub.L. No. 91–513, Title III, § 1101(b)(3)(A), 84 Stat. 1292. (Current legislation on this subject is contained in 21 U.S.C. §§ 828, 844, 885).

The Court: It is charged here that about February 13, about two months ago, here in Texas and near Laredo, each of you received a transfer of possession of about one and a half pounds of marijuana from some other person. He was the transferor and each of you was the transferee; that a certain tax imposed by law on that transfer was not paid and it thus became an illegal transaction. You knew that to be the case, and with that knowledge, you thereafter transported it and concealed it. Did each of you do that?

Defendant Burroughs: Yes, sir.

\* \* \* \* \* \*

The Court: I advise you this is a serious felony violation, calling for a minimum sentence of two years and a maximum sentence of ten years and a fine of twenty thousand dollars. You are aware of that circumstance?

Defendant Burroughs: Yes, sir.

\* \* \* \* \* \*

The Court: I advise you, too, that as to this third count of the indictment, each of you has a complete defense available to you if you desire to take advantage of it. It is based on your Fifth Amendment right against self-incrimination, and in the event you wish to assert that defense, the Government cannot successfully prosecute you on count three. If you undertake to enter a plea of guilty, that waives that defense and you can't come back at a later date and take advantage of it. You understand what I am talking about? You have talked it over with your lawyers? Read over these two forms the clerk is going to hand you. If true, sign it. If not, tell me so.

[Both forms were executed by Burroughs. One form expressly waived the rights and defenses explicated in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). The other form entitled "Plea of Guilty" was identical to the form set out in United States v. Sapp, 439 F.2d at 812 n. 2]

The Court: Let's see, tell me a littl[e] about this matter, Mr. District Attorney?

Mr. Aguilar: It is a bridge case, your Honor, with prior information. They came to the bridge. The agents were waiting for these individuals to come to the bridge, searched the car and found a pound and a half of marijuana.

The Court: Burroughs, you have been in some, or perhaps are now in some additional trouble?

Defendant Burroughs: Yes, sir.

The Court: What is the story on that, what are you charged with?

Defendant Burroughs: Possession of heroin. But, Your Honor, the charge—

The Court: I know, you are not guilty of it. But I am not trying you on that. What happened yesterday in San Antonio?

Defendant Burroughs: Well, I went before an arraignment and I didn't have no attorney and they set it back in the twentieth and I came back down here.

The Court: Have you ever been arrested before?

Defendant Burroughs: Yes, Your Honor, I was sentenced under the Youth Corrections Act.

The Court: For what?

Defendant Burroughs: For housebreaking, and I have been in trouble off and on, Your Honor, but it is because I didn't have no mother at that time.

The Court: I am going to revoke the bond in your case, you are going to have to stay with us, Mr. Burroughs. A pre-sentence, please.

Defendant Burroughs: May I say something, if Your Honor please? My wife just had a baby and I have not seen it. I will surely appear in

Court. I have always appeared in Court. If the Court would just let me remain on bond, once I am locked up, they stop the allotment to my wife, she is not allowed to eat or anything.

The Court: Sorry, I don't believe I can afford to do it, if you have a prior conviction under the Youth Corrections Act, Burroughs.

     \*    \*    \*    \*    \*    \*

To Burroughs' *pro se* contention that the use of the written form cut across the specific prohibition of Rule 11 that the court not take a guilty plea "without first addressing the defendant *personally* and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea", his court appointed counsel adds three grounds of error: (1) the guilty plea proceedings failed to explicate for Burroughs that this plea waived his fundamental rights to be free from self-incrimination, to be tried by a jury and to confront the witnesses against him; (2) the court failed to satisfy itself that there was a factual basis for the plea; and (3) the court failed to apprise Burroughs that the Section 4744(a)(2) count to which he pled guilty required reasonable notice of and a demand by the Secretary of the Treasury for production of an order form for the allegedly imported marijuana.

■ Realizing that the same written form approved in *Sapp* was used here, Burroughs seeks to distinguish *Sapp* by pointing to language indicating that the trial court there "personally addressed [the defendant] as required by Rule 11", 439 F.2d at 818. This court has examined the original record in *Sapp*. Not only is the form identical, but the supplementary oral dialogue between Sapp and the same judge who took Burroughs' plea is legally undistinguishable from that set out above. Cf. Rosado v. United States, 510 F.2d 1098 (5th Cir. 1975), and United States v. White, 483 F.2d 71 (5th Cir. 1973). This panel is bound by the prior panel's adjudication in the absence

of intervening supreme court or en banc precedent. *See e. g.*, Popeko v. United States, 513 F.2d 771 (5th Cir. 1975). There being none, we must reject the contention that the written form, as amplified by the face to face dialogue between Burroughs and the court, failed to meet Rule 11's address-personally-and-determine standard.

■ We also reject the contention that the record developed in this case was inadequate to demonstrate that a factual basis for the plea existed and that the court's failure to apprise Burroughs of the order-form provision of Section 4744(a)(2) infected the adequacy of the plea procedures. The colloquy between the court and three defendants makes it plain that the statute had been violated and that the order form proviso was wholly inapposite. *See* Limon-Gonzalez v. United States, 499 F.2d 936 (5th Cir. 1974).

■ The assertion that the proceedings were deficient for failure to tick off each of the fundamental rights being waived by the plea requirement calls for a "totality of the circumstances" review of the sort set forth in United States v. Gearin, 496 F.2d 691 (5th Cir. 1974). In carrying out the duties of plea taking, *Gearin* admonishes us not to take a myopic view but rather to examine the whole of the record to determine the plea's validity. It also cautions that "[s]pecific judicial incantations of constitutional rights is not the litmus test . . . .", 496 F.2d at 696.

■ From our overall examination of the record below and the record in *Sapp*, we distill that the judgment appealed should be affirmed. However, it is appropriate in closing this opinion to recur to what was said at the conclusion of *Gearin*. McCarthy v. United States, *supra* teaches that Rule 11 mandates a solemn responsibility upon district courts to determine that a guilty plea is voluntarily and intelligently made. The better practice is to take such pleas in a manner that develops a record which tracks the commands of Rule 11 and

demonstrates in precise terms that its intended protections were in fact accorded to the defendant. This is a salutary admonition. "Careful and cautious procedure would tend to substantially reduce collateral attacks following sentencing and would expedite summary disposition of the claims of those prisoners who cry 'wolf' in the hope of receiving a second chance to plead." 496 F.2d at 696. While *Sapp* presently authenticates the standardized use of a written form as a partial record surrogate for oral dialogue between the court and the defendant, this practice hazards the due performance of the solemn responsibility of plea taking and beclouds appellate review of Rule 11 challenges to those proceedings. At least, to the extent that Rule 11 proceedings do not expressly eliminate, they tend to generate disputes.

Affirmed.