**Charles Whitmore LA BAR, Jr., Petitioner-Appellant,**

v.

**UNITED STATES of America et al., Respondents-Appellees.**

**No. 75–1313.**

United States Court of Appeals, Fifth Circuit.

Oct. 31, 1975.
Rehearing and Rehearing En Banc Denied Dec. 11, 1975.

---

**1.** On January 10, 1975, the defendant was sentenced to 3 years concurrently on each of the wilful evasion counts and to 6 months on the failure to file count. The 6 months are to be served consecutively with the 3 year sentence.

**2.** On May 31, 1972, the defendant entered a plea of guilty to one count of promoting prostitution.

William G. McDaniel, Atlanta, Ga. (Court-appointed), for petitioner-appellant.

C. Nathan Davis, Asst. U. S. Atty., Ronald T. Knight, U. S. Atty., Macon, Ga., for respondents-appellees.

Before BELL, THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

■ This appeal involves a collateral attack under 28 U.S.C.A. § 2255 on guilty pleas. Contrary to the claim of appellant, we find compliance by the district court with that portion of Rule 11, F.R.Crim.P., which requires that the court be satisfied that there is a factual basis for such pleas. See *McCarthy v. United States*, 1969, 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418, 426. The factual basis was established by examining appellant in open court on May 3, 1974. The examination and thus the factual basis was "on the record." See *Santobello v. New York*, 1971, 404 U.S. 257, 261, 92 S.Ct. 495, 30 L.Ed.2d 427, 432. Appellant was not examined under oath, but *Bryan v. United States*, 5 Cir., 1974, 492 F.2d 775, 781, to the extent that it requires that the defendant be placed under oath, was not effective on the day that the factual basis was established. Given this view, we pretermit the assignment of error arising from the use of a factual summary by the district court at the post-*Bryan* sentencing proceeding which factual summary was not placed on the record.

■ A plea bargain was indicated from the fact that the government dismissed seven of ten counts pending against appellant charging interstate transportation of stolen checks. 18 U.S.C.A. § 2314. The district court carefully complied with the voluntariness of the plea portion of Rule 11 in the pre-*Bryan* plea proceeding. See *McCarthy, supra.* It is urged that *Bryan* was applicable and violated in that appellant was not placed under oath and examined with respect to the plea or offense bargain. The argument is that he was sentenced post-*Bryan*, and could have withdrawn his pleas under Rule 32(d) in the interim between pleading and imposition of sentence. This, it is said, made *Bryan* appli-

cable. The short answer to this contention is that there is no showing of prejudice from the failure of the court to examine him under oath regarding a plea bargain. *See Maggio v. United States*, 5 Cir., 1975, 514 F.2d 80, 92.

 The attack on the sentence, premised on *United States v. Tucker*, 1972, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592, alleging that the district court relied on prior invalid convictions, has not been specifically considered by the district court. This necessitates a remand with direction that the issue be determined in due course under the procedure outlined in *Lipscomb v. Clark*, 5 Cir., 1972, 468 F.2d 1321, 1323. *See also Mitchell v. United States*, 5 Cir., 1973, 482 F.2d 289, 292.

We have considered the other assignments of error made by appellant in his pro se briefs, and we find them to be without merit.

Affirmed in part; remanded in part.