**UNITED STATES of America**

v.

**Hector Salas ALEMAN.**

**Cr. No. 75–H–165.**

United States District Court,
S. D. Texas,
Houston Division.

June 15, 1976.

Steven Rozan, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Michael A. Peters, Houston, Tex., for defendant.

*Memorandum and Opinion:*

SINGLETON, District Judge.

This criminal proceeding is before the court on direct appeal from the United States Magistrate Court, Southern District of Texas, Houston Division, Judge Ronald J. Blask presiding. At the proceedings before Judge Blask, the appellant pleaded guilty to a charge of attempting to board an aircraft with a concealed weapon in vio-

lation of 49 U.S.C. § 1472(*1*).[1]  The magistrate accepted the plea of guilty and then proceeded to find the accused guilty of the offense charged.

The essence of appellant's contentions is that this guilty plea was not a knowing and understanding one because the magistrate did not conform to the requirements of Rule 11 of the Federal Rules of Criminal Procedure.[2]  Further, it is asserted that there were deficiencies in the magistrate's dialogue with the accused such that the defendant did not intelligently waive certain rights of constitutional dimension to which he was entitled.[3]

■ After a careful review of the record, this court is compelled to agree with appellant.

1. The actual complaint, amended, charged the accused with

willfully, knowingly, and unlawfully attempt[ing] to board Continental Airlines, an air carrier operating in interstate commerce, Flight 61, from Houston, Texas to El Paso, Texas, carrying a concealed weapon, to wit: a .380-caliber Mauser-Werk automatic, Serial Number 0128937, which is in violation of Title 49, U.S. Code, Section 1472(*1*).

2. *See* Rule 2 of the Rules of Procedure for the Trial of Minor Offenses before United States Magistrates which requires that a magistrate follow Rule 11 of the Federal Rules of Criminal Procedure in the event that as here an accused wishes to plead guilty to a minor offense other than a petty offense.  The Supreme Court has held that the procedures set out in Rule 11 for the taking of a guilty plea are mandatory and that noncompliance with such procedures constitutes reversible error.  *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

3. *See* note 4, infra.

4. In relevant part, at the time of the taking of the plea under scrutiny on appeal, Rule 11 of the Federal Rules of Criminal Procedure expressly required the following:

. . . The court may refuse to accept a plea of guilty, and shall not accept such plea . . . without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. . . . The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

■ It is clear that, in conformity with Rule 11, the colloquy between a judge and an accused during the taking of a guilty plea should not be invariably mechanical and rote.  *McCarthy v. United States,* 394 U.S. 459, 467 n. 20, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1972); *United States v. Maggio,* 514 F.2d 80, 87 (5th Cir. 1975).  Rather, a court must inquire into the totality of the circumstances to see whether the plea was voluntarily, knowingly, and intelligently entered into by the accused.  *United States v. Gearin,* 496 F.2d 691, 695–696 (5th Cir. 1974).  However, there must be a meticulous compliance with the express requirements set out in Rule 11.[4]  Further, it is certain that there are particular elements that must be present in the taking of a guilty plea in order to adhere to minimal constitutional

Subsequent to the filing of this appeal and the filing of appellant's brief, Rule 11 was amended and drastically expanded (*see* Appendix A *and compare with* old Rule 11, this note).  For example, appellant's point about nonwaiver of constitutional rights would now be covered merely by a contention of noncompliance by the magistrate with Rule 11 (*see* note 11, *infra*).  However, for purposes of this appeal the difference is negligible since it is clear that at the time the plea here was actually entered into, the case law had already defined as mandatory the duty to inform an accused of his constitutional rights.  *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United States v. Gearin,* 496 F.2d 691 (5th Cir. 1974); *United States v. Escandar,* 465 F.2d 438 (5th Cir. 1972).

And, generally, although the new amended Rule 11 has many more enumerated duties than previously, it is apparent that the expansion of Rule 11 is merely an express enunciation of those duties which were already implicit in the proper taking of a guilty plea.  Unquestionably, the basic purpose of Rule 11 is unaltered.  That purpose as set forth in *United States v. Maggio,* 514 F.2d 80, 86 (5th Cir. 1975), is two-fold:

. . . *first,* to assist the district court in making the constitutionally required determination that a defendant's guilty plea is truly voluntary, and *second,* to produce a complete record, at the time the plea is entered, of the factors relevant to this voluntariness determination, thereby eliminating any need to resort to later fact-finding proceeding in this highly subjective area.

prerequisites. Finally, there are certain procedural requirements to be complied with not because they are specifically constitutionally or statutorily mandated but because they bear on the voluntariness of a plea.[5] The following is a list of prerequisites that this court feels encompasses the minimum inquiries necessary in taking a guilty plea:

1. The defendant must be placed under oath. *Bryan v. United States,* 492 F.2d 775, 781 (5th Cir. 1974).[6]

2. A defendant must have an understanding of the nature of the charges which have been made against him. *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United States v. Maggio, supra* at 86; Rule 11(c)(1), Federal Rules of Criminal Procedure.

3. A guilty plea is invalid unless voluntarily made with a full understanding of the possible consequences of the plea.[7] *Brady v. United States,* 397 U.S. 742, 748–

749 n. 6, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Rule 11(c)(1), Federal Rules of Criminal Procedure.

4. There must be direct inquiry to determine that the plea is voluntary and not the result of coercion or unauthorized promises apart from a plea bargain. Rule 11(d), Federal Rules of Criminal Procedure.

5. A court must explain that plea agreements are permissible and point out the duty to disclose the nature of any existing agreement.[8]

6. The court must be satisfied that there is a factual basis for the plea.[9] *Santobello v. New York,* 404 U.S. 257, 261, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *McCarthy v. United States, supra,* 394 U.S. at 467, 89 S.Ct. 1166; *Jimenez v. United States,* 487 F.2d 212 (5th Cir. 1973), *cert. denied,* 416 U.S. 916, 94 S.Ct. 1623, 40 L.Ed.2d 118 (1974); Rule 11(f), Federal Rules of Criminal Procedure.

7. The accused must be questioned to determine if he has received effective as-

5. In *Bryan v. United States,* 492 F.2d 775, 781 (5th Cir. 1974), the Fifth Circuit prescribed certain supplementary practices which are considered vital to the proper taking of a guilty plea:

The court shall state that plea agreements are permissible and that the defendant and all counsel have a duty to disclose the existence and details of any agreement which relates to the plea tendered. Specific inquiry shall be made as to the existence of such an agreement before a plea is accepted. The defendant shall be placed under oath. These are minimum practices and are not intended to circumscribe any additional procedures or inquiries deemed by any court to be pertinent to the issue of plea propriety in any case.

6. *See* note 5, *supra.*
*See also Dugan v. United States,* 521 F.2d 231, 233 n. 1 (5th Cir. 1975), in which *Bryan* is cited for the proposition that placing a defendant under oath is a critical requirement of a guilty plea proceeding. This then is apparently a basic requirement, even where there has been no plea negotiation. And *see La Bar v. United States,* 522 F.2d 202, 203 (5th Cir. 1975).

7. Clearly, an accused need not be told the exact sentence that he will receive but merely the maximum possible sentence and fine that might be imposed. *United States v. Maggio,* 514 F.2d 80, 87 (5th Cir. 1975).

8. *See* note 5, *supra.*
*See also* Rule 11(e)(1)–(6) which now exhaustively treats the subject of plea agreements.

9. A judge may determine that there is a sufficient factual basis by the following suggested methods:

(1) making inquiries of the defendant, making inquiries of the prosecutor, or by examining the presentence report, *McCarthy v. United States,* 394 U.S. 459, 463 n. 6, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969);

(2) requesting a synopsis from a prosecutor of the evidence against an accused and then relying upon subsequent admission under oath by the accused that the facts are true, *Ruiz v. United States,* 494 F.2d 1 (5th Cir. 1974); or

(3) a judge may even rely principally upon an indictment, *Jimenez v. United States,* 487 F.2d 212 (5th Cir. 1973), *cert. denied,* 416 U.S. 916, 94 S.Ct. 1623, 40 L.Ed.2d 118 (1974).

But, whatever the method used, in every instance the inquiry made must be "factually precise enough and sufficiently specific to develop that [the accused's] conduct on the occasions involved was within the ambit of that defined as criminal." *See Jimenez v. United States, supra* at 213.

Here, although raised on appeal, the court refrains from examining this point since there are several other meritorious grounds to support appellant's position.

sistance of counsel.[10] And, if the person is without counsel, he must be advised of the right to counsel and that counsel will be appointed if the person is unable to pay. Rule 11(c)(2), Federal Rules of Criminal Procedure.

8. A judge must inform a defendant that he has certain constitutional rights that he will be waiving by a plea of guilty. Such rights include the right to trial by jury, the right to confront one's accusers, and the privilege against compulsory self-incrimination. *United States v. Gearin*, 496 F.2d 691, 695 (5th Cir. 1974).[11]

The above-recited minimums are, of course, not exhaustive of all inquiries that might be made under the particular circumstances of each case. The list only includes the most basic prerequisites.[12]

Now, this court shall examine the actual procedures in the instant case in comparison to the minimum prerequisites as articulated above.

First, there is no evidence on the record that the accused was ever placed under oath. While this factor is vital, there are other procedural flaws which even more greatly disturb this court and upon which the court would prefer to base its decision.

■ To digress, it must be noted that appellant apparently was deficient in his command of the English language.[13] Where there is some indication that a language barrier exists, it is even more imperative than usual to make sure that the accused is fully apprised of his rights, the nature of the charges against him, and the consequences of his plea.

As to the consequences of a guilty plea, the magistrate carefully explained such consequences so that the accused clearly understood them.

However, it is not so clear that the accused unequivocally comprehended the nature of the charges against him.

First, the complaint was read to appellant. Immediately after that initial reading of the complaint in English, the following discussion transpired (TR–2 and 3):

> MR. ROZAN [Assistant United States Attorney]: To this complaint, Hector Aleman Salas, how do you plead, guilty or not guilty? (Through the interpreter)
>
> [Complaint read in Spanish; see footnote 14, English a(1) and (2), *infra*.]
>
> INTERPRETER: He says he didn't know it was against the law to carry a firearm.
>
> MAGISTRATE BLASK: Read the rest of it to him and ask him if he is guilty or not guilty.
>
> [Interpreter in Spanish, see footnote 14, English b, *infra*.]

Are you guilty or not guilty of that offense?

> THE DEFENDANT: I am guilty.
>
> MAGISTRATE BLASK: Are you entering this plea of guilty because you are guilty or for any other reason, Mr. Salas?
>
> THE DEFENDANT: He says he enters because he is guilty.
>
> MAGISTRATE BLASK: Has anybody promised you that if you were to plead guilty—
>
> THE DEFENDANT: I am guilty because I had that gun.

---

**10.** The mandate of the sixth amendment, that a person is entitled to the assistance of counsel, presupposes that such counsel must be effective. *Porter v. U. S.*, 298 F.2d 461, 463 (5th Cir. 1962); *MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960), *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961); *see Glasser v. United States*, 315 U.S. 60, 67–77, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

**11.** *See* the new amended Rule 11, specifically sections (c)(3), (4) and (5), wherein is incorporated the requirement that an accused be informed of those rights enumerated in the text and of the waiver of such rights by a guilty plea.

**12.** *See* Appendix B wherein there are some specific inquiries that are intended solely as a guideline to formulate a procedure for taking a guilty plea that will conform with Rule 11 and constitutional requirements.

**13.** Although there is disagreement as to the extent of the language difficulty, there was at least a sufficient problem so that an interpreter was in fact included in the proceedings before the magistrate.

The disc recording of the proceedings before the magistrate confirms that the complaint was fully translated, albeit incorrectly.[14] In translating that portion of the complaint reading "willfully, knowingly and unlawfully," the interpreter erroneously interjected as a requisite element of the offense knowledge by the accused that it was illegal to carry a gun. To compound the error, the translator referred to the "airport" when he apparently meant "airplane." Therefore, the accused was first told, literally, that he was accused of going aboard or attempting to board a Continental airliner knowing that it was against the law to carry a pistol in the airport.[15] Then during a partial retranslation appellant was told that he was accused of having carried on his person, at the relevant time, an automatic pistol of designated serial number and that at that time he knew it was against the law.[16] Even in the final statement by the interpreter, again with regard to the complaint,[17] the element of actual knowledge of illegality was expressed.

Unquestionably, without knowing what the translator had just told the accused, appellant's response saying that he did not know that it was against the law to carry a firearm seems unresponsive and makes little sense. But in the context of the translation actually rendered, his statement makes perfect sense and required further inquiry. However, the magistrate was at a distinct disadvantage in not knowing what was being said in Spanish and justifiably relied on what he assumed to be a competent interpreter.

Although this court must sympathize with the difficulties faced by the magistrate in communicating with the accused, the record does not seem to reflect a true appreciation by appellant of the nature of the offense charged. To the contrary, on its face, the record on appeal leaves the marked impression that the accused was highly uncertain as to exactly what offense he was being charged of having committed. However, the record is slim and the question is close. Indeed, if the noncomprehension of the nature of the charge were the only basis for appeal, this court might be reluctant to remand for repleading.

---

14. In relevant part, the Spanish translation of what was purportedly contained in the complaint, as rendered by the interpreter, is as follows:

Spanish a. (1) . . . que usted, Hector Aleman Salas, en esta fecha de Abril 11, 1975 fue abordo o hizo el atento (sic) de abordar un aeroplano de Continental Airlines, Sabiendo que no era—que era contra la ley cargar en ese aeropuerto, que viaja de estado a estado, con una pist[ola], de aqui a (sic) Houston al estado de Texas, en ciudad de El Paso, cargando una pistola . . . .

Spanish a. (2) . . . Y durante este tiempo usted cargaba en su persona una pistola automática de este número, y que usted a (sic) este tiempo sabía que era contra la ley. (Intervening discussion in English omitted.)

Spanish b. Pero así se halla que usted, sabiendo que era contra la ley, hizo un intento de subir a ese aeroplano contra la ley.

An English translation of what was actually said to appellant is as follows:

English a. (1) . . . that you, Hector Aleman Salas, on this date of April 11, 1975 went aboard or made an attempt to board an airplane of Continental Airlines, knowing that it was not—that it was against the law to carry in that airport, which travels from state to state, with a pistol, from here to (sic) Houston to the state of Texas, in the city of El Paso, carrying a pistol . . . .

English a. (2) . . . And during this time you were carrying on your person an automatic pistol with this serial number and that you at this time knew it was against the law. INTERPRETER: He says he didn't know it was against the law to carry a firearm.

\* \* \* \* \* \*

English b. But thus it is "found" that you, knowing that it was against the law, made an attempt to unlawfully get on that airplane. Although the language is ill-advised, the term "thus it is found" was surely not intended to be equated with the reaching of a legal conclusion. It is apparent from the full conversation, that the translator was really referring to "found" in the sense of being contained in the complaint. But however reasonable such a construction might be, whether that is the meaning conveyed to appellant is open to dispute. Compare all the translator's interpretations above with the actual complaint set out in note 1, *supra.*

15. *See* note 14, English a. (1), *supra.*

16. *See* note 14, English a. (2), *supra.*

17. *See* note 14, English b., *supra.*

But there is at least one error which even standing alone would be sufficient cause to remand. This error is that the accused was not fully apprised of the constitutional rights guaranteed by the sixth amendment that he would waive if he were to plead guilty.[18]

Unquestionably it is permissible for a defendant to waive a constitutional right; but ordinarily such waiver must be knowing and it must be intelligently made. *Brady v. United States*, 397 U.S. at 748, 90 S.Ct. 1463; *United States v. Miller*, 468 F.2d 1041, 1044 (4th Cir. 1972), *cert. denied*, 410 U.S. 935, 93 S.Ct. 1389, 35 L.Ed.2d 599 (1973); *see Schneckloth v. Bustamonte*, 412 U.S. 218, 235–242, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Therefore, it is obvious that a person cannot waive a right that he does not know he possesses. *McCarthy v. United States*, 394 U.S. at 466, 89 S.Ct. 1166, citing *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). And here, it cannot be said that the accused knew that he had a right to confront his accusers and a privilege against self-incrimination.

■ First, there is no indication on the record that the magistrate in any way communicated to the accused that he had such rights. Nor can knowledge be imputed to appellant by the mere execution of a plea of guilty form. Most importantly, the plea of guilty form does not directly address the above-mentioned rights. Further, even if a strained construction could imply that the rights were mentioned, this court does not

feel that a sterile piece of paper alone, without direct oral dialogue on point can be said to convey knowledge of fundamental constitutional rights and a waiver concomitant to such conveyance be thereby imputed.[19] Finally, the transcript of the proceedings below gives no indication that the appellant had even read the plea form prior to pleading guilty, or even that he read it prior to signing it. In fact, the only relevant conversation was solely between the magistrate and counsel for the accused and occurred at the very end of the proceedings, a considerable length of time after the magistrate had already found the accused guilty. The conversation was as follows (TR–8 and 9):

> MAGISTRATE BLASK: . . . I would like to have him execute a plea of guilty form. Do we have one in Spanish?
>
> THE CLERK: I have already given him the plea of guilty form in Spanish.
>
> MAGISTRATE BLASK: Good. The plea of guilty form, as you will notice, counsel, is in Spanish and I think you will see that it covers most of the areas that I discussed with him before accepting his plea. I would like him to sign that, and I will swear him to that document.

Under the circumstances, the magistrate had a duty to see that appellant was apprised of his right to confront his accusers and his privilege against self-incrimination. The failure to comply with such duty is error in this case.

---

18. *See* item 8 on page 4 of text and note 11, *supra*.

The only discussion apparent on the record respecting appellant's constitutional rights is the following (TR–5 and 6):

> MAGISTRATE BLASK: I take it you also discussed with him upon entering this plea of guilty [that] he is giving up the right to a trial?
>
> MR. CORREA (appellant's attorney): Yes, sir.
>
> MAGISTRATE BLASK: When entering a plea of guilty, I will accept your plea of guilty and find you guilty, and find that there are facts on which to base that plea. I would like to know something about you . . . . .

19. The guilty form signed by appellant, except for a clause dealing with plea agreements, is

virtually identical to the form approved in *United States v. Sapp*, 439 F.2d 817 (5th Cir. 1971), and reaffirmed in *Burroughs v. United States*, 515 F.2d 824 (5th Cir. 1975), both cases decided prior to the effective date of the latest amending of Rule 11, Federal Rules of Criminal Procedure. However, an unsupported written guilty plea is not enough under any criteria. Even the above cases expressly require that a written form be amplified by oral dialogue and that any deficiencies in the written form be filled by such dialogue in order to comply with the address-personally-and-determine standard of Rule 11. In fact, it is clear from the language of Rule 11 that it is the written form which is intended to supplement the oral discussion and not vice versa.

With regard to the constitutional right to a trial, there is the possibility that such right was waived. The argument for waiver is premised in part on the fact that the right to trial was discussed with appellant's attorney though not with appellant himself.[20] Also, the accused did sign the plea of guilty form discussed previously as well as a form styled "Consent to be Tried by United States Magistrate for Minor Offenses."

Everything that this court has said with regard to the signing of a guilty plea and the inferences arising thereof in connection with the right to confront one's accusers and the privilege against self-incrimination applies with equal force to this discussion about the right to trial. The only distinguishing fact is that at least as to the right to trial, such right was mentioned on the face of the plea of guilty form. However, in terms of the "totality of circumstances" test advocated in *United States v. Gearin*, 496 F.2d 691 (5th Cir. 1974), this court must reiterate its conclusion that the appellant here did not have an awareness instilled in him regarding a fundamental right sufficient to avert error in the taking of his plea.

■ The court believes that the plea as taken in this case would be flawed even if taken in a district court. However, this court must be cognizant of the fact that the taking of the plea in a magistrate's court interjects an added dimension to this appeal. In some respects a magistrate has an even greater obligation toward the defendant whose plea he takes than does a district judge. For example, the consent form signed by appellant is an absolute prerequisite of Rule 2 of the Federal Rules of Procedure for the Trial of Minor Offenses before United States Magistrates. A magistrate could not have taken a plea in the circumstances of this case without a signed consent. Further, it is relevant in the context of this case that the Federal Magistrates Act, 18 U.S.C. § 3401(b), and Rule 2(b) of the Federal Rules of Procedure for the Trial of Minor Offenses before United States Magistrates place an affirmative obligation on a magistrate not just to tell an accused of a general constitutional right to a trial but to actually inform the accused that he has a right to trial before a district court judge and that such trial may be with a jury. Here, in fact, it is recited in the consent form that the defendant had been "fully apprised of [his] right to elect to be tried in the United States District Court which has jurisdiction of the offense and before a jury" and that the consequences of such consent had been explained.[21] However, the record is barren of any oral communication to the accused about such rights. Therefore, the contentions of the consent form are unsubstantiated and ineffective by themselves.

Clearly, in their totality, the procedures outlined above will not satisfy the minimum requirements mandated for the taking of a guilty plea. A court must communicate directly with the accused and fully apprise him of his rights and explain the waiver of such rights by a plea of guilty.[22] *See Schneckloth v. Bustamonte*, 412 U.S. at 236–238, 93 S.Ct. 2041; *United States v. Crook*, 526 F.2d 708 (5th Cir. 1976). And the mere signing of a consent form is not by itself a sufficient substitute for a direct explanation of the right to trial and the right for such trial to be before a district judge with a jury. *United States v. Miller*, 468 F.2d 1041 (4th Cir. 1972), *cert. denied*, 410 U.S. 935, 93 S.Ct. 1389, 35 L.Ed.2d 599 (1973).[23]

---

**20.** *See* note 18, *supra.*

**21.** It should be noted that while the guilty plea form that the defendant signed was in Spanish, the Consent to be Tried by United States Magistrate form was completely in English.

**22.** *Cf. United States v. Vera*, 514 F.2d 102, 104 (5th Cir. 1975), where it was asserted that an accused did not understand the nature of the charge. The Fifth Circuit held that a mere assurance by defendant's counsel that the charge is understood by the defendant is not sufficient substitute for a direct inquiry of defendant's understanding.

**23.** In *Miller*, the Fourth Circuit exhaustively examined the interplay between the Federal Magistrates Act, 18 U.S.C. § 3401(b) specifically, and Rule 2 of the Federal Rules of Procedure for the Trial of Minor Offenses. As part of their analysis, that court carefully examined

In summary, given the total circumstances and the various enumerated specific flaws or near flaws in the plea-taking procedure before the magistrate, this court can only reach one conclusion. That conclusion is that this case must be remanded to the magistrate's court for a retaking of a plea consistent with this opinion. *See McCarthy v. United States*, 394 U.S. at 463–464, 89 S.Ct. 1166.

## APPENDIX A

### IV. ARRAIGNMENT AND PREPARATION FOR TRIAL

#### Rule 10.

#### ARRAIGNMENT

Arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto. He shall be given a copy of the indictment or information before he is called upon to plead.

#### Rule 11.

#### PLEAS

**(a) Alternatives.** A defendant may plead not guilty, guilty, or nolo contendere. If a defendant refuses to plead or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.

**(b) Nolo Contendere.** A defendant may plead nolo contendere only with the consent of the court. Such a plea shall be accepted by the court only after due consideration of the views of the parties and the interest of the public in the effective administration of justice.

**(c) Advice to Defendant.** Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and

determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

(2) if the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and

(3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

(4) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and

(5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

**(d) Insuring That the Plea is Voluntary.** The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discus-

the legislative history of the Magistrate's Act and took note of the mandates of Rule 11, Federal Rules of Criminal Procedure, as articulated in *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The conclusion of the Fourth Circuit was that "literal compliance with the magistrate's duty to explain the defendant's rights is required to validate [a] waiver" and that the execution of the consent form required by Rule 2 was not alone enough to discharge a magistrate's obligations.

sions between the attorney for the government and the defendant or his attorney.

**(e) Plea Agreement Procedure.**

**(1) In General.** The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will do any of the following:

(A) move for dismissal of other charges; or

(B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or

(C) agree that a specific sentence is the appropriate disposition of the case.

The court shall not participate in any such discussions.

**(2) Notice of Such Agreement.** If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. Thereupon the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report.

**(3) Acceptance of a Plea Agreement.** If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.

**(4) Rejection of a Plea Agreement.** If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defend-

ant that if he persists in his guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

**(5) Time of Plea Agreement Procedure.** Except for good cause shown, notification to the court of the existence of a plea agreement shall be given at the arraignment or at such other time, prior to trial, as may be fixed by the court.

**(6) Inadmissibility of Pleas, Offers of Pleas, and Related Statements.** Except as otherwise provided in this paragraph, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with, and relevant to, any of the foregoing pleas or offers, is not admissible in any civil or criminal proceeding against the person who made the plea or offer. However, evidence of a statement made in connection with, and relevant to, a plea of guilty, later withdrawn, a plea of nolo contendere, or an offer to plead guilty or nolo contendere to the crime charged or any other crime, is admissible in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel.

**(f) Determining Accuracy of Plea.** Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

**(g) Record of Proceedings.** A verbatim record of the proceedings at which the defendant enters a plea shall be made and, if there is a plea of guilty or nolo contendere, the record shall include, without limitation, the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, and the inquiry into the accuracy of a guilty plea. Amended Feb. 28, 1966, eff. July 1, 1966; April 22, 1974; July 31, 1975, Pub.L. 94–64, § 3(5)–(10), 89 Stat. 371, 372.

## APPENDIX B

### INTERROGATION OF DEFENDANT
### BEFORE ACCEPTANCE OF A GUILTY PLEA
### (WITH COURT REPORTER PRESENT
### AND ACCUSED UNDER OATH)

Background

1. Do you desire to plead guilty at this time?
2. How old are you?
3. What education have you had?
4. Have you discussed this case with your attorney?
5. Have you discussed all the facts with him?
6. Have you discussed with your attorney any possible defenses you may have?

Counsel Competent

7. Are you satisfied that your attorney has fully considered your case?
8. Are you satisfied that he has fully considered any defenses you may have to the charges here made?
9. Are you fully satisfied that he has competently advised you?

Understanding

10. Do you understand the nature of the charges against you?
11. Tell me what you understand to be the charges against you.
12. Read the charges of the indictment or information to the defendant.

Then ask:

Are these the charges to which you desire to plead guilty?

13. Do you understand that if you plead guilty to these charges the court may sentence you to imprisonment for as many as _____ years and impose a fine of as much as $_____? (Add Youth Corrections Act or no-probation-available, if applicable.)

4th Amendment

14. Do you feel that any of your constitutional rights have been violated in any way in connection with your property, your arrest or these proceedings?
15. Has any police or other law enforcement agent, federal or state, seized any physical or tangible evidence relating to your offense that you know of?
16. Have you related those facts to your attorney?
17. Are you satisfied that your constitutional rights were not violated in connection with the obtaining of any physical or tangible evidence or property?

5th Amendment

18. Have you given any statement or confession of any kind to the police, the FBI, the United States Attorney or any other government officer or employee?
19. Do you feel that any of your constitutional rights were violated at the taking of any such statement or confession?
20. In connection with any interrogation or questioning you have undergone, were you fully advised of your constitutional rights?

21. What were you told your rights were?

Here, if necessary, you may refresh his recollection by further specifically asking him the following:

(a) Were you told that you need not make any statement or answer any questions? That you had a right to remain silent?

(b) Were you also told that any statement you might make could be used against you?

(c) Were you told that, if you wish, before answering any questions or making any statement, you were entitled to assistance of counsel (the services and advice of an attorney)? Were you also told that if you are unable to secure the services of an attorney, you could wait until an attorney had been appointed to represent you by the court and decide after consulting with your attorney whether or not to answer any question or make any statement?

22. [To be asked if a confession has been made by the defendant.]

Assuming that for some reason the confession you made was found to be inadmissible into evidence in a trial in which you were accused of the commission of the crime charged here, what would be your position as to your guilt or innocence? That is, are you saying that you are guilty because you are in fact guilty or for some other reason?

23. Did you tell your attorney about any statement you may have made and the circumstances under which it was made?

*Voluntariness* 24. In connection with any statement or confession you may have made, was any violence or physical or mental duress exercised upon you?

25. Were you threatened or intimidated in any way?

26. Were any threats or intimidation to any members of your family or any other person close to you indicated as likely to follow if you did not speak or cooperate?

27. Are you satisfied that your statements were freely and voluntarily made?

*Inducement* 28. Has anyone whomsoever, including your attorney or the United States Attorney, made any promise of leniency in return for a plea of guilty?

29. Has anyone threatened you in any way to induce you to plead guilty?

*Rule 11* 30. Why are you pleading guilty?

31. What did you do?

32. And with full understanding of the possible sentences this court could impose, you still desire to plead guilty at this time?

*6th Amendment* 33. Do you understand that you may plead not guilty and thereby be entitled to have your case tried by a jury?

34. Do you understand that in a jury trial you may not be found guilty unless and until all twelve jurors are satisfied beyond a reasonable doubt?

35. Do you further understand that if you plead not guilty, the prosecutor would have the burden of proving and convincing all twelve of the jurors of your guilt beyond a reasonable doubt, even though no evidence is produced in your favor.

36. Do you understand that this means that you need not take the stand and testify and cannot be compelled to do so. Nor do you have to produce any evidence on your own behalf.

37. Do you further understand that you have the right to a speedy and public trial by jury?

38. Do you further understand that in such a trial you have the right to see and hear and cross-examine all witnesses against you?

39. Do you further understand that you have the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in your favor?

40. And yet, you still want to waive all these rights and plead guilty?

**Competency to Plead**

41. Are you under the influence of any drug or alcohol?

42. Do you use any drugs, narcotics or marihuana?

43. When was the last time you had any of these?

44. Do you use alcohol?

45. When was the last time you had any alcohol?

46. (If in custody.) How long have you been in custody?

47. Have you had any drugs or alcohol administered to you or given to you while in custody?

48. When?

49. What was it?

50. When was it last given to you?

51. Have you ever had any head injuries?

52. Have you undergone any psychiatric care or treatment?

53. When was the last time you saw a psychiatrist?

54. Do you feel that you understand everything transpiring here today and that you are competent to make the decision to plead guilty?

55. Is the decision to plead guilty yours?

56. Are you entering this plea freely and voluntarily and as a result of your own reasoning process?

**TO DEFENDANT'S ATTORNEY:**

1. Has the defendant been competent and able to cooperate with you?

2. Have you discussed the facts of this case in detail with the defendant?

3. Are you satisfied that there are no meritorious defenses the defendant might raise?

4. Are you satisfied that the defendant's constitutional rights have been observed?

5. And you join in his decision to plead guilty?

6. Is there some plea agreement and if so what is the nature of the agreement?