**UNITED STATES of America,**
**Appellee,**

v.

**Ollie Juanita MILLER, Appellant.**

**No. 72–1192.**

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 12, 1972.

Decided Oct. 25, 1972.

Robert G. Cabell, Jr., Richmond, Va., (court-appointed counsel), for appellant.

Rodney Sager, Asst. U. S. Atty. for Eastern District of Virginia (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before WINTER and BUTZNER, Circuit Judges, and MURRAY, District Judge.

BUTZNER, Circuit Judge:

Ollie Juanita Miller appeals from her conviction by a magistrate, affirmed by the district court, for unlawful concealment and possession of a firearm, in violation of Va.Code Ann. § 18.1–269, assimilated by 18 U.S.C. § 13. While we hold that the search of Mrs. Miller's handbag and the seizure of the firearm from within it were lawful, we reverse for failure of the magistrate to properly apprise Mrs. Miller of her right to a jury trial in the district court.

I

Carrying a concealed weapon is a minor offense because the maximum punishment provided by the Virginia statute is confinement in jail for not more than 12 months and a fine of not more than $500.[1] Mrs. Miller, therefore, was entitled to elect to be tried by a jury. *Cf.* Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223 (1888); *see* United States v. Merrick, 459 F.2d 644, 646 (4th Cir. 1972) (dictum). She complains that she was not properly advised by the magistrate of this right, and the record supports her. The magistrate explained her option to be tried in the district court, but not her right to a jury trial.[2]

1. 18 U.S.C. § 3401(f) defines minor offenses (with exceptions not here pertinent) as "misdemeanors punishable under the laws of the United States, the penalty for which does not exceed imprisonment for a period of one year, or a fine of not more than $1,000 or both, . . ."
18 U.S.C. § 1(3) defines a petty offense as "[a]ny misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, . . ."

2. The following extract is taken from the transcript of Mrs. Miller's arraignment before the magistrate:
[THE MAGISTRATE:] Mrs. Miller, will you stand please. An information has been filed against you by the United States Attorney that charges that on or about December 10, 1970, in the United States District Court for the Eastern District of Virginia, Richmond, Virginia, and within the jurisdiction of this Court, and within the

The Federal Magistrates Act requires the magistrate to "carefully explain" to a defendant charged with a minor offense that he has a right to a trial by a jury. So that there may be no misunderstanding about the importance of this explanation, the Act directs that the magistrate "shall not proceed to try the case unless the defendant, after such explanation, signs a written consent . . . ." [3] This statute is amplified by the Federal Rules of Procedure for the Trial of Minor Offenses before United States Magistrates, which became effective January 27, 1971. Rule 2(b), which deals with minor offenses other than petty offenses, specifically directs the magistrate to "also explain to the defendant that he has a right to trial before a judge of the district court and a jury . . . ." Rule 2(c) provides that the consent must contain a waiver of "trial before a judge of the district court and a jury." As the legislative history of the Act clearly demonstrates, literal compliance with the magistrate's duty to explain the defendant's rights is required to validate the waiver.[4]

special territorial jurisdiction of the United States, Ollie Juanita Miller did unlawfully carry about her person, hidden from the common observation, a pistol, to-wit: one Beretta 6.35 millimeter automatic, bearing serial number B94485, in violation of Section 18.1–269 of the Code of Virginia, assimilated under Federal Law Title 18, United States Code, Section 13. You have the right to be tried in the United States District Court. You may elect to be tried before me here today. Have you discussed the matter of trial with your attorney?

DEFENDANT MILLER: To a point, yes.

[THE MAGISTRATE:] Do you wish to be tried in the District Court or the Magistrate Court?

DEFENDANT MILLER: I am not that familiar with Courts. (Several seconds of hesitation) I'll agree to be tried here.

[THE MAGISTRATE:] In this Court?

DEFENDANT MILLER: Yes.

[THE MAGISTRATE:] All right. Will you sign the form on the table before you please. (Defendant signed waiver of right to trial in District Court and electing to be tried in Magistrate Court.)

3. 18 U.S.C. § 3401(b) provides:

Any person charged with a minor offense may elect, however, to be tried before a judge of the district court for the district in which the offense was committed. The magistrate shall carefully explain to the defendant that he has a right to trial before a judge of the district court and that he may have a right to trial by jury before such judge and shall not proceed to try the case unless the defendant, after such explanation, signs a written consent to be tried before the magistrate that specifically waives both a trial before a judge of the district court and any right to trial by jury that he may have.

4. The House Report on the Magistrates Act, then Senate Bill 945, emphasized that a defendant's waiver of his right to a jury trial must be "knowledgable" and "intelligent":

7. It gives the U.S. magistrate an expanded trial jurisdiction over minor criminal offenses when the accused executes a knowledgeable waiver of both his right to trial before a U.S. district court and any right to trial by jury he may have.

Under the act's provisions, a U.S. magistrate's valid exercise of his minor offense trial jurisdiction is contingent upon:

(1) His special designation to try these offenses by the judges of the U.S. district court;

(2) The defendant's election to be tried before a magistrate rather than a judge of the U.S. district court; and

(3) The defendant's intelligent waiver of whatever right to jury trial he may have before the district court. H.Rep.No.1629, 90th Cong., 2d Sess. (1968). 1968 Cong. & Admin.News, pp. 4254, 4264.

Mr. Poff, a proponent of the bill, pointed out during the House debates the indispensibility of the magistrate's explanation:

Third, even a specially designated magistrate will be unable to exercise his jurisdiction unless both the prosecutor and the accused consent. The magistrate will be required to give every defendant brought before him a careful explanation of his right to elect

In McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Supreme Court held that the procedures for accepting a plea of guilty set forth in Rule 11 of the Federal Rules of Criminal Procedure were mandatory and not permissive. Consequently, the Court ruled, noncompliance constituted reversible error. We conclude that the rationale of *McCarthy* applies equally to the explanation of a defendant's rights required by the Magistrates Act and the Rules. In *McCarthy* the Court reasoned that strict adherence to Rule 11 was mandatory because unless a guilty plea is voluntary and knowing, its acceptance deprives a defendant of due process of law. By analogy, we believe that strict adherence to § 3401(b) and Rules 2(b) and (c) is required because the magistrate's trial of a minor offender who is ignorant of his right to be tried by a jury prevents him from asserting his constitutionally protected demand for a jury.

■ The government argues that the written consent to be tried by the magistrate, which Mrs. Miller executed in the presence of her counsel, qualifies as a waiver of her right to a jury trial and cures the magistrate's error.[5] The Act, however, requires both an explanation and a written consent. By its terms the consent is not to be signed until after the defendant has heard the magistrate's explanation. Moreover, while the form which Mrs. Miller signed referred to her right to be tried before a district judge,

it erroneously described the crime as a petty offense and did not unequivocally advise her of her right to be tried by a jury. Execution of the form did not operate to waive a right that was never explained or understood. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461 (1938). Contrary to the government's assertion, Mrs. Miller's written consent standing alone is inadequate to cure the omission of the explanation of the right to a jury trial, which is required by the express language of the statute and the rule.

■ The government also contends that Mrs. Miller may not press the point in this court because she failed to raise it in the district court. The government, however, has not shown that Mrs. Miller knew of the defect in the magistrate's proceedings at the time she appeared in the district court. Moreover, the attorney who represented her before the magistrate was not the same person who represented her in the district court, and there is no showing that the latter was aware of the procedure followed by the magistrate when he arraigned Mrs. Miller. The omission in the magistrate's explanation was not detected until a third lawyer undertook her appeal to this court. We need not decide whether the magistrate's error constituted a jurisdictional flaw that could be raised in every case in which it might occur at any stage of the proceedings. It is sufficient to hold that since it substantially affected Mrs. Miller's constitutional

---

trial before a judge of the district court and of his right, in appropriate cases, to demand trial by jury before that judge. S. 945 specifically forbids the magistrate to proceed to trial unless the defendant, having heard the magistrate's explanation, executes a written election to be tried before the magistrate and a written waiver of whatever jury trial rights he has. 114 Cong.Rec. 27,341 (1968).

5. The form signed by Mrs. Miller stated:
    I, Ollie Juanita Miller, charged with unlawfully carrying about her person hidden from common observation a pistol, to-wit, one Beretta 6.35 millimeter

automatic, a petty offense against the laws of the United States, in the Eastern District of Virginia, appearing before [a] United States Magistrate, who has fully informed me of my right to choose to be tried before a Judge of the United States District Court which has jurisdiction of the offense and explained to me the consequence of this consent, do hereby consent to be tried before the United States Magistrate on the charge which is stated above, and I hereby specifically waive both a trial before a Judge of the United States District Court and any right to trial by jury that I may have.
    /s/ Ollie J. Miller

right to a trial by a jury, it may be noticed by us as plain error under Rule 52 of the Federal Rules of Criminal Procedure.

In sum, before a magistrate embarks upon the trial of a person charged with a minor offense, he must comply with § 3401 and Rule 2 by explaining to the defendant that he has a right to a trial before a judge of the district court and a jury. Only after this has been done may the magistrate accept the defendant's consent to be tried. Since the magistrate's explanation was incomplete, Mrs. Miller's conviction must be vacated and the case remanded for rearraignment and a new trial, either before the magistrate or in the district court, with or without a jury, as she elects.

## II

■ Inasmuch as the case must be retried, it is also necessary to consider the lawfulness of the search of Mrs. Miller's handbag by a federal marshal in the courtroom. Mrs. Miller contends that the search violated the fourth amendment because it was not incident to a lawful arrest, and because it was performed without a warrant, without consent, and under circumstances which did not provide probable cause to search. The government seeks to justify the search under the rationale of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 2d 889 (1967).

The essential facts are not in dispute. Because prisoners elsewhere had attacked courts and escaped, and because the resident district judge had received telephoned threats, the marshals had been instructed to search any packages or bags that could conceal a weapon. On the day her husband was to be arraigned for a felony, Mrs. Miller entered the courtroom with a coat draped over her arm concealing a large handbag. She sat toward the back of the room adjacent to the center aisle, along which her husband was due to walk from the lockup, and rested her hand on her partially open bag. An Assistant United States Attorney, having received a report that

Mr. Miller might attempt to escape and noting that Mrs. Miller was sitting near the route which he would soon take, directed the marshal to examine her bag. The marshal, after informing Mrs. Miller of his intent to search, opened the bag further, observed the firearm, and escorted her outside the courtroom, where the weapon was seized.

In Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1967), the Supreme Court considered the constitutionality of a limited-scope, warrantless search based on a policeman's belief that the individual with whom he was dealing was armed. Terry established a dual inquiry to determine if the search in question was reasonable: "[W]hether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." 392 U.S. at 20, 88 S.Ct. at 1879.

The evidence, we conclude, satisfies the Terry standards. The report that Mr. Miller might attempt to escape, Mrs. Miller's concealment of her handbag upon entry, the strategic seat she selected, and the convenient placement of her open bag made reasonable the belief that she might be armed. The intrusion, limited to a search of the bag and a short detention outside the courtroom, was minor. In the language of Terry, the case sharply illustrates the "need for law enforcement officers to protect themselves and other prospective victims of violence in situations where they may lack probable cause for an arrest." 392 U.S. at 24, 88 S.Ct. at 1881. Under less compelling circumstances the search of a lawyer's brief case in the corridor of a courthouse was sanctioned in Downing v. Kunzig, 454 F.2d 1230 (6th Cir. 1972). The magistrate and the district judge committed no error in denying Mrs. Miller's motion to suppress.

The judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.

Vacated and remanded.