UNITED STATES of America, Appellee,

v.

**Carl KABAT, Appellant.**

No. 78–5108.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 6, 1978.

Decided Nov. 13, 1978.

---

Norman A. Townsend, Raleigh, N. C. (Sebastian K. D. Graber, Arlington, Va., on brief), for appellant.

C. Forrest Bannan, Dept. of Justice, Washington, D. C. (William B. Cummings, U. S. Atty., Leonie M. Brinkema, Asst. U. S. Atty., Alexandria, Va. and Raymond W. Philipps, Sp. Asst. U. S. Atty., Washington, D. C., on brief), for appellee.

Before WINTER and RUSSELL, Circuit Judges, and COWEN,* Senior Judge.

PER CURIAM:

Carl Kabat, having purportedly waived his rights to counsel and to trial by the district court, was convicted by a magistrate for willful injury to government property. Kabat appealed unsuccessfully to the district court on the ground that the magistrate's failure to give him all of the advice prescribed by Rule 2(b) of the Magistrates Rules rendered his conviction invalid and that his waivers of counsel and of trial in the district court were ineffective. He renews these contentions before us, but we are unpersuaded. We affirm.

I.

Kabat and two codefendants deliberately poured blood onto the steps of the Pentagon to dramatize their antiwar views. They were taken before a United States magistrate and charged by complaint with the minor offense of willful injury of government property in violation of 18 U.S.C. § 1361. The magistrate informed them of the nature of the charge against them and the possible penalties, their right to appointed or retained counsel, and their right

* Wilson Cowen, Senior Judge, United States Court of Claims, sitting by designation.

to a trial by the district court, with or without a jury, all in accordance with Rule 2(b) of the Rules of Procedure for the Trial of Minor Offenses Before United States Magistrates.[1] However, he did *not* inform them of their right to a preliminary examination if they chose to be tried by the district court, nor of the circumstances under which they could secure pretrial release, as Rule 2(b) also requires.

█ Kabat and the other defendants, in response to questions posed by the magistrate, expressly stated that they did not desire the services of either court-appointed or privately retained counsel, and that they wished to be tried by the magistrate. The defendants were given standard forms for waiver of appointed counsel and waiver of trial by the district court, which they signed. The form for waiver of appointed counsel contained the statement, "I will retain counsel of my own choice."[2] The magistrate proceeded to trial[3] and found the defendants guilty. During the proceedings, the magistrate noted that Kabat had been convicted several months earlier for a substantially identical act.

### II.

█ With regard to the magistrate's failure to give all of the advice prescribed by Rule 2(b), Kabat does not contend that he has any constitutional right to have his conviction overturned. Kabat does contend, however, that in the exercise of our supervisory power we should vacate his conviction because the magistrate failed to inform him of "the general circumstances under which he may secure pretrial release" and to state that "he [had] a right to have a preliminary examination." This we decline to do.

█ We have no doubt that the drafters of Rule 2(b) intended that it be faithfully observed. Our own view is that the rule should be met with strict compliance. By its terms, the rule does not prescribe what should happen if the rule is breached. It may well be that a failure to observe one or more of the requirements of the rule will invalidate a subsequent conviction before the magistrate. But we do not think that this is such a case.

Kabat was undoubtedly familiar with the omitted advice, so that the magistrate's failure to give it could not have misled him. A prior conviction establishes his familiarity with these matters. *United States v. Kabat,* Cr. No. 77–75–A (E.D.Va. April 25, 1977), *aff'd,* No. 77–1778 (4 Cir. August 30, 1977) (unreported). The record in that case shows that Kabat was brought before the same magistrate as in the instant case, that

---

1. Magistrates Rule 2(b) provides:

 Upon the defendant's appearance, the magistrate shall inform him of the complaint or information against him and of any affidavit filed therewith, of his right to retain counsel, of his right to request the assignment of counsel if he is unable to obtain counsel, and the general circumstances under which he may secure pretrial release. The magistrate shall also explain to the defendant that he has a right to trial before a judge of the district court and a jury and, if the prosecution is on a complaint, that he has a right to have a preliminary examination before the magistrate unless he consents to be tried before the magistrate.

2. The complete text of the form was as follows:

 WAIVER OF RIGHT TO
 APPOINTED COUNSEL

 The United States Magistrate having advised me of my right to counsel (attorney), and of his willingness to appoint counsel to represent me if I am financially unable to obtain counsel, I do hereby waive my right to the services of an appointed counsel to represent me at any hearing before the United States Magistrate, and I will retain counsel of my own choice, but I reserve the right to request the services of counsel in any proceedings before any United States District Court.

 I have read the foregoing waiver and I understand the same.

 The attorney for the government indicated at oral argument that this form is still routinely used by magistrates in the Eastern District of Virginia.

3. Kabat's brief asserts as a ground for reversal that he was denied due process by the magistrate's decision to proceed to trial that same day. By an affidavit subsequently submitted by the government under F.R.A.P. 10(e), however, it is established that the three defendants indicated their desire to proceed to trial on that day. We therefore see no substance in the due process claim.

he was charged with violation of the same statute, that he waived his right to counsel but asserted his right to trial by the district court, that he was given a preliminary hearing, and that he was offered pretrial release on his own recognizance, which he declined.

Kabat urges that *United States v. Miller,* 468 F.2d 1041 (4 Cir. 1972), *cert. denied,* 410 U.S. 935, 93 S.Ct. 1389, 35 L.Ed.2d 599 (1973), compels us to exercise our supervisory power to reverse because of the magistrate's failure to comply with all of Rule 2(b). In that case, we vacated a conviction by a magistrate for his failure to advise the accused of her right to a jury trial if she chose to be tried in the district court. We do not read *Miller,* however, as laying down a *per se* rule of reversal whenever the magistrate fails to comply with Rule 2(b) in any respect. Nor do we believe that *Miller* requires reversal in the instant case.

In *Miller,* we justified reversal on the ground that "the magistrate's trial of a minor offender who is ignorant of his right to be tried by a jury prevents him from asserting his constitutionally protected demand for a jury." *Id.* at 1044. By contrast, the magistrate's trial of Kabat did not prevent him from asserting any constitutional right of which he was not informed. To the extent that Kabat's right to bail was constitutionally protected,[4] it was preserved, even after appeal, under 18 U.S.C. § 3148. Moreover, under the Supreme Court's decision in *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), an accused has no constitutional right to a preliminary hearing, so long as he receives some form of "a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." *Id.* at 114, 95 S.Ct. at 863.[5] Here, Kabat was promptly tried after arrest and was found guilty by the magistrate beyond a reasonable doubt. Such a trial *a fortiori* constitutes a "judicial determination of probable cause" under *Pugh.*

A second, and more important, respect in which this case differs from *Miller* is the unequivocal finding of the magistrate and of the district court, for which we find substantial support, that Kabat was quite aware of the rights which the magistrate neglected to mention. The *Miller* court assumed, without explicit reference to the record, that since Miller had not been informed of her right to a jury trial, she was not aware of that right when she waived trial by the district court. There is no basis for a similar assumption in the present case.

While we therefore decline in this case to establish a rule that failure of the magistrate strictly to comply with Rule 2(b) requires automatic reversal, we will not hesitate to do so in the future if it appears that such a *per se* rule is necessary to assure compliance with Rule 2(b). The procedures required by Rule 2(b) need detain the magistrate for only a few minutes, but they can make an important difference to the defendant and to the administration of justice. At best, failure to comply with Rule 2(b) can serve only to encourage frivolous appeals; at worst, it can result in the unwitting waiver by an uninformed defendant of important constitutional rights.

### III.

We are satisfied from the record that Kabat knowingly, intelligently and voluntarily waived his right to counsel and to trial in the district court. No special litany for waiver is required; each case depends upon its particular circumstances, including the background, experience, conduct of the accused, what the magistrate told him and the presence or absence of any threats or promises to induce the waiver.

In the instant case, the only apparent irregularity in the otherwise unexceptiona-

---

4. "There is still some question whether the constitutional right [to bail] is absolute, or if the [Eighth] Amendment simply means that whenever bail is fixed, it shall not be excessive." 8B Moore's Federal Practice ¶ 46.02[1], at 46–48.

5. The Court indicated that a grand jury indictment and a properly issued judicial arrest warrant are sufficient to meet this requirement. *See* 420 U.S. at 116–17 & nn. 18–19, 95 S.Ct. 854.

ble waivers was Kabat's execution of a waiver of counsel form supplied to him by the magistrate which recited, *inter alia,* that, "I will retain counsel of my own choice." The use of this form was grossly inappropriate since the colloquy between Kabat and the magistrate makes it clear that Kabat did not intend to employ counsel. But other than to add that the use of the form in similar situations should be discontinued forthwith, we cannot say that the statement in the form casts any doubt in the unequivocal statements by Kabat before the magistrate that (a) he did not plan to retain counsel (b) he knew that he had a right to counsel and to appointed counsel and he did not wish a lawyer, (c) he knew that the charge against him might result in a jail sentence and he still did not want a lawyer, and (d) he was executing the waiver of counsel form "to ratify" his waiver of counsel. As a consequence, we conclude that there was an effective waiver.

We see no merit in the other contentions advanced in appeal.

AFFIRMED.