In the
United States Court of Appeals
For the Seventh Circuit

No. 00-4064

United States of America,

Plaintiff-Appellant,

v.

Michael J. Gochis,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 CR 47--Robert W. Gettleman, Judge.

Argued April 4, 2001--Decided July 11, 2001

   Before Coffey, Manion, and Diane P. Wood,
Circuit Judges.

   Manion, Circuit Judge.  Michael Gochis
was tried before a magistrate judge, and
convicted by a jury of three counts of a
Class A misdemeanor. The district court
vacated the judgment of conviction and
ordered a new trial, concluding that
because the magistrate judge had failed
to explain to Gochis his right to trial,
judgment, and sentencing by a district
judge, the magistrate judge lacked the
authority to preside over the trial. The
government appeals, arguing that the
magistrate judge had the authority to
preside over Gochis's trial because
Gochis and his counsel filed a written
consent to be tried before the magistrate
judge, and that Gochis did not suffer any
prejudice as a result of the magistrate
judge's omission. We agree, and thus
reverse the district court.

I.

   Michael Gochis is a former steward for
Local 705 of the International
Brotherhood of Teamsters. On January 22,
1998, he was charged with three counts of
threatening and using violence against
another union member, in violation of 29
U.S.C. sec. 530, a Class A
misdemeanor./1 Pursuant to the local
rules of the Northern District of

Illinois, Gochis's case was randomly assigned to a magistrate judge.

On January 29, 1998, Gochis appeared without counsel before the magistrate judge for arraignment. At the magistrate judge's direction, the government's counsel read the charges against Gochis. Gochis acknowledged that he understood the charges, and he pleaded not guilty. Following Gochis's arraignment, the subject of the hearing was limited to the amount of his bond, and at that time the government's counsel advised Gochis that he was charged with crimes of violence and faced up to a year in prison on each count. The magistrate judge then advised Gochis that his case was "no insignificant matter" and that he should obtain counsel. The magistrate judge did not, however, explain to Gochis about his right to trial, judgment, and sentencing by a district judge as required by Fed. R. Crim. P. 58(b)(2) (which requires the magistrate judge to inform the defendant at his initial appearance of his right to be tried by a district judge), and 18 U.S.C. sec. 3401(b) (which requires the magistrate judge to "carefully explain" to the defendant his right to a trial by a district judge).

After his initial arraignment, Gochis retained counsel. According to an affidavit filed by the government's counsel, Gochis's attorney indicated that he had informed Gochis about his right to be tried and sentenced by a district judge, and that Gochis intended to waive that right, but not his right to a jury trial./2

On February 12, 1998, Gochis and his attorney appeared before the magistrate judge. Gochis was arraigned again, and he pleaded not guilty once more. But the magistrate judge again did not explain to Gochis his right to trial, judgment, and sentencing by a district judge.

Following the February 12 hearing, Gochis and his counsel signed and filed a consent form entitled "Consent to Proceed Before United States Magistrate in a Misdemeanor Case." Gochis's signature appears below the following paragraph that is presented in bold print:

I HEREBY: Waive (give up) my right to trial, judgment and sentencing before a

United States district judge and I consent to trial, judgment, and sentencing before a United States magistrate.

Although the consent form also provided Gochis the options to waive his rights to a jury trial and to have thirty days to prepare for trial, he chose not to waive either. He requested and received a jury trial. The magistrate judge accepted assignment of the case. On December 7, 1998, Gochis sought a continuance of the trial date to permit substitution of counsel, and that request was granted.

Thereafter, the magistrate judge presided, without objection, over pre-trial, trial, post-trial and sentencing proceedings. The jury trial lasted three weeks and involved the testimony of 25 witnesses. The jury convicted Gochis of all three counts on February 2, 1999. The magistrate judge sentenced Gochis to concurrent terms of six months of imprisonment followed by six months of work release and restitution. Gochis appealed his conviction and sentence to the district court./3 The government also appealed Gochis's sentence to the district court.

In appealing his conviction and sentence, Gochis never sought to withdraw his written consent to the magistrate judge's authority. In fact, his opening brief to the district court (filed on March 14, 2000) stated: "The parties consented to the entry of a final judgment by Magistrate Thomas Rosemond on February 12, 1998." Thus, Gochis never challenged the magistrate judge's failure to admonish him of his right to be tried by an Article III judge until the district court raised the issue sua sponte.

Nevertheless, the district court vacated the judgment and ordered a new trial, concluding that because the magistrate judge had failed to explain to Gochis his right to be tried by a district judge, as required by Fed. R. Crim. P. 58(b)(2) and 18 U.S.C. sec. 3401(b), the written consent was invalid and the magistrate judge lacked the authority to preside over the trial. United States v. Gochis, 196 F.R.D. 519 (N.D. Ill. 2000)./4 The government appeals.

II.

On appeal, the government does not dispute that the magistrate judge did not explain to Gochis his right to trial, judgment, and sentencing by a district judge as required by 18 U.S.C. sec. 3401(b) and Fed. R. Crim. P. 58(b)(2). Rather, the government argues that the district court should not have automatically vacated a three-week trial and jury verdict simply because the magistrate judge did not explain to Gochis what he and his attorney already knew. In other words, the district court should not have imposed a per se reversible error rule on the magistrate judge's failure to literally comply with every letter of 18 U.S.C. sec. 3401(b) and Rule 58, without considering whether the magistrate judge's error was harmless. Instead, the government insists that the district court was obligated to apply Fed. R. Crim. P. 52(a) to the magistrate judge's omission to determine whether the error was harmless. This is a question of law subject to de novo review. See Thomas v. Whitworth, 136 F.3d 756, 758 (11th Cir. 1998); Jones v. United States, 167 F.3d 1142, 1144 (7th Cir. 1999).

We agree with the government that the first order of business is to determine whether the magistrate judge's error was harmless according to Rule 52(a)./5 Rule 52(a) provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." The Supreme Court has emphasized that "Rule 52 is, in every pertinent respect, as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions." Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988). The rule "prohibits federal courts from granting relief based on errors that 'd[o] not affect substantial rights.'" Peguero v. United States, 526 U.S. 23, 29 (1999). The Court has acknowledged that "on its face, Rule 52(a) admits of no broad exceptions to its applicability." United States v. Lane, 474 U.S. 438, 448 n. 11 (1986). There seems to be no valid reason for an exception to apply in this case.

As Rule 52(a) states, an error is

"harmless" if it does not affect the defendant's "substantial rights." United States v. Olano, 507 U.S. 725, 734 (1993). An error affects the defendant's substantial rights if it was "prejudicial," which means that the error "must have affected the outcome of the district court proceedings." Id. Applying Rule 52(a) in this case, the magistrate judge's omission was harmless if it did not affect Gochis's decision to waive his right to a trial before a district judge. Under a Rule 52(a) analysis, the government "bears the burden of persuasion with respect to prejudice," id., and if the error was harmless, it must be disregarded.

In this case, there is no indication that Gochis has suffered any prejudice as a result of the magistrate judge's failure to admonish him about his right to a trial before a district judge. His primary concern was to have a jury trial, and he pointedly did not sign the portion of the consent form containing the jury waiver. Gochis has not alleged that he was actually ignorant of his right to a trial before a district judge./6 See United States v. Driver, 242 F.3d 767, 771 (7th Cir. 2001). And the district court did not find that Gochis's consent was not knowing and intelligent./7 In fact, Gochis has not alleged that if he was admonished by the magistrate judge, he would have had his case reassigned to a district judge. See id. Moreover, Gochis and his attorney signed and filed a consent form that explicitly advised him of his right to trial, judgment, and sentencing before a district judge./8 Additionally, the government's affidavit indicates that Gochis's first attorney had informed him of his right to be tried and sentenced by a district judge before he signed the consent form, and that Gochis intended to waive that right. Even though the trial occurred almost a year after Gochis filed his consent form, he never sought to withdraw his consent. See Geras v. Lafayette Display Fixtures, Inc., 742 F.2d 1037, 1040-41 (7th Cir. 1984) ("The reference to the magistrate may be withdrawn at any time by the district court for good cause on its own motion or under extraordinary circumstances shown by any party."). Because Gochis has not even alleged that the magistrate judge's omission affected his decision to waive his right to trial

and sentencing before a district judge, the magistrate judge's technical error was harmless and will be disregarded. Thus, Gochis's consent to being tried and sentenced by the magistrate judge was valid.

Gochis responds that Rule 52(a) is inapplicable to his case because sec. 3401(b) and Rule 58 require literal compliance in order to effectuate the magistrate judge's authority to preside over his trial and sentencing. Thus, while we have already concluded that the magistrate judge's omission was harmless error, we will address whether sec. 3401(b) and Rule 58 require literal compliance in order to effectuate the magistrate judge's authority, regardless of whether the magistrate judge's failure to strictly comply with the provisions was harmless error. "As with all issues of statutory interpretation, the appropriate place to begin our analysis is with the text itself, (citations omitted) which is the most reliable indicator of congressional intent." Bass v. Stolper, Koritzinsky, Brewster & Nieder, 111 F.3d 1322, 1324-25 (7th Cir. 1997). Rule 58(b)(2) provides in part: "At the defendant's initial appearance on a misdemeanor or other petty offense charge, the court shall inform the defendant of: . . . (E) the right to trial, judgment, and sentencing before a district judge . . . ." Fed. R. Crim. P. 58(b)(2). 18 U.S.C. sec. 3401(b) provides that when a magistrate judge has jurisdiction over certain misdemeanors, the person charged may elect to be tried before a district judge:

The magistrate judge shall carefully explain to the defendant that he has a right to trial, judgment, and sentencing by a district judge and that he may have a right to trial by jury before a district judge or magistrate judge. The magistrate judge may not proceed to try the case unless the defendant, after such explanation, expressly consents to be tried before the magistrate judge and expressly and specifically waives trial, judgment, and sentencing by a district judge. Any such consent and waiver shall be made in writing or orally on the record.

18 U.S.C. sec. 3401(b). Gochis expressly consented to the magistrate judge when he

and his attorney signed the waiver. But the magistrate judge did not give the required admonishment to Gochis about his right to a district judge. But why should this omission automatically eradicate what otherwise appears to be a complete and proper trial process to which the parties unequivocally consented? The statute and rule provide no particular remedy for the magistrate judge's failure to strictly follow the colloquy procedure. Nowhere do Rule 58 and sec. 3401(b) compel the remedy of automatic reversal of a conviction whenever a magistrate judge fails to explain to a defendant his right to trial, judgment, and sentencing by a district judge. Nor do those provisions indicate that a defendant's written waiver of his right to an Article III judge is automatically rendered invalid if the waiver was not preceded by the magistrate judge's admonishment.

Gochis cites two cases, United States v. Miller, 468 F.2d 1041 (4th Cir. 1972), and United States v. Marcyes, 557 F.2d 1361 (9th Cir. 1977), which held that even though the defendants filed written waivers of their right to a jury trial, those waivers were invalid because the magistrate judges had failed to specifically explain to the defendants their right to a jury trial as required by sec. 3401(b). See Marcyes, 557 F.2d at 1366-68; Miller, 468 F.2d at 1043-45. Thus, in those cases, even if the defendant filed a written waiver of his right to a jury trial, that waiver was inadequate to cure the magistrate judge's failure to explain to the defendant his right to a jury trial. Both courts, in applying an earlier version of the statute, relied on the legislative history of sec. 3401(b) to conclude that a magistrate judge must literally comply with the statutory procedure./9 Marcyes, 557 F.2d at 1368; Miller, 468 F.2d at 1044. At that time "magistrates" were not permitted to conduct jury trials.

For whatever the legislative history cited in Miller and Marcyes is worth, however, it is at least as notable that these passages do not indicate that Congress intended to require the automatic reversal of a conviction whenever a magistrate judge failed to strictly comply with sec. 3401(b). Nor is there any indication that a magistrate

judge's failure to admonish the defendant of his right to a jury (or a district judge) invalidates the defendant's written waiver of that right. As with most legislative history, there are inevitable inclusions and exclusions, which is why the courts must primarily rely on the statutes as finally written.

Furthermore, Miller and Marcyes also relied on McCarthy v. United States, 394 U.S. 459 (1969), in which the Supreme Court held that a trial court's failure to comply with Fed. R. Crim. P. 11 (as then written and approved by Congress) was per se reversible error. See 394 U.S. at 468-72; Miller, 468 F.2d at 1044; Marcyes, 557 F.2d at 1367. Miller and Marcyes concluded that by analogy to McCarthy, strict adherence to sec. 3401(b) and Rule 58 is required to effectuate the magistrate judge's authority. See Miller, 468 F.2d at 1044; Marcyes, 557 F.2d at 1367.

This per se analysis by analogy may have pushed the rule to the edge as it was, but as the rule has since been written, that analysis appears to be obsolete. In 1983, subsequent to Miller and Marcyes, Congress amended Rule 11 with subsection (h), the harmless error provision, which provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed. R. Crim. P. 11(h). This amendment directly addressed the McCarthy decision. Rule 11(h) eliminated McCarthy's "'extreme sanction of automatic reversal' by making 'clear that the harmless error rule of [Federal Rule of Criminal Procedure 52(a)] is applicable to Rule 11.'" United States v. Drummond, 903 F.2d 1171, 1173 (8th Cir. 1990) (quoting Fed. R. Crim. P. 11(h) advisory committee's note); see also United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991) (Rule 11(h) "was meant to overrule McCarthy")./10 Thus, this court concluded that "'we inter [the pre-1983 per se reversible error] rule now in favor of the more straight-forward approach of universal application of Rule 11(h) harmless error analysis to review all complaints of Rule 11 violation[s] in which we find that an error was made.'" United States v. Cross, 57 F.3d 588, 591 (7th Cir. 1995) (quoting United States v. Johnson, 1 F.3d 296, 302 (5th Cir. 1993) (en banc))./11 Rule 52(a) aside, when

approaching the question under the analysis relied upon by the district court and now Gochis on appeal, we arrive at the same conclusion--harmless error is the proper approach when there is otherwise no prejudice in the process.

Miller, Marcyes, and McCarthy pre-dated the age of Rule 11(h)'s mandatory application of harmless error analysis to Rule 11 violations. Because Miller and Marcyes relied on McCarthy's application of the pre-amended Rule 11, their authority for the per se approach to violations of sec. 3401(b) and Rule 58 is greatly diminished. Cf. Drummond, 903 F.2d at 1173 (a court's reliance on the automatic reversal rule of McCarthy to support its per se approach to Fed. R. Crim. P. 32(a)(2) violations is seriously undermined by Rule 11(h)). McCarthy applied Rule 11 as it was. If we were to use any analogous application of Rule 11 in this case, we would have to apply the rule as it is now written. Thus Rule 11(h) would necessarily impose the harmless error analysis.

Moreover, McCarthy's automatic reversal rule was made pursuant to the Court's "supervisory power over the lower federal courts." McCarthy, 394 U.S. at 464. "In the exercise of its supervisory authority, a federal court 'may, within limits, formulate procedural rules not specifically required by the Constitution or the Congress.'" Bank of Nova Scotia, 487 U.S. at 254. Subsequent to McCarthy, however, the Supreme Court has held that "a federal court may not invoke supervisory power to circumvent the harmless-error inquiry prescribed by Federal Rule of Criminal Procedure 52(a)." Id. Consequently, this court has applied Rule 52 to Rule 11 violations, see United States v. Driver, 242 F.3d at 769, and to a district judge's failure to admonish a defendant about his right to a jury trial as required by a supervisory rule. See United States v. Rodriguez, 888 F.2d 519, 527-28 (7th Cir. 1989) (automatic reversal is no longer an appropriate response to the failure to follow a supervisory rule).

We also note that it appears that later cases in both the Fourth and Ninth Circuits have not applied the per se reversible error rule for non-prejudicial violations of Rule 58(b)(2). See United States v. Kabat, 586 F.2d 325, 328 (4th

Cir. 1978) ("We do not read Miller, however, as laying down a [p]er se rule of reversal whenever the magistrate fails to comply with Rule 2(b) [now Rule 58] in any respect."); United States v. Doe, 743 F.2d 1033, 1039 (4th Cir. 1984) (no prejudice accrued from magistrate's failure to strictly comply with Rule 58); United States v. Byers, 730 F.2d 568, 570 (9th Cir. 1984) (per curiam) (defendant's failure to challenge his consent to trial by a magistrate until oral argument on appeal was waived as untimely).

We are thus not persuaded by the Miller and Marcyes decisions, and conclude that the magistrate judge's failure in this case to strictly comply with the colloquy procedures required by sec. 3401(b) and Rule 58 does not require the automatic reversal of the conviction because the magistrate judge's error was harmless./12

While we conclude in this case that the magistrate judge's error was harmless, it was, nevertheless, an error. To avoid this situation, we emphasize that the proper procedure is to carefully explain to the defendant the right to a district judge as required under sec. 3401(b) and Rule 58.

III.

Gochis's written consent to be tried and sentenced by a magistrate judge was valid because there is no indication that the magistrate judge's failure to admonish Gochis about his right to trial, judgment, and sentencing by a district judge affected his decision to sign the consent. Accordingly, we REVERSE the district court and REMAND for reinstatement of the magistrate judge's final judgment and for further proceedings consistent with this decision.

FOOTNOTES

/1 29 U.S.C. sec. 530 makes it unlawful for any person to use or threaten force or violence in order to interfere with or prevent a labor union member from expressing his views or exercising other rights.

/2 The affidavit by the government's counsel states in part:

"On August 4, 2000, I spoke telephonically with Mr. Chiganos [Gochis's initial attorney] who advised that, prior to signing the Consent, he would have informed defendant of the rights that he was giving up by executing the waiver, including his right to be tried and sentenced by a United States district judge. Mr. Chiganos believes that defendant was aware of this and was only concerned that he receive a jury trial. Whether that jury trial was before a district judge or a magistrate judge did not matter to defendant. Mr. Chiganos further advised that he never puts anything in front of a client to sign without first explaining the significance to him. Ultimately, the decision whether to sign or not is left up to the client."

/3 "[O]ne convicted of a misdemeanor before a magistrate judge must first appeal to the district court before [he] may seek review here." United States v. Smith, 992 F.2d 98, 99 (7th Cir. 1993); 18 U.S.C. sec. 3402.

/4 The district court also concluded that the magistrate judge failed to obtain Gochis's consent prior to accepting his plea, in violation of Fed. R. Crim. P. 58(b)(3)(A).

/5 The government argues further that because Gochis never objected to the magistrate judge's failure to admonish him of his right to be tried by an Article III judge until the district court raised the issue sua sponte, that argument has been forfeited, and we must review the magistrate judge's omission for plain error pursuant to Rule 52(b). Rule 52(b) "provides a court of appeals a limited power to correct errors that were forfeited because not timely raised in district court." United States v. Olano, 507 U.S. 725, 731 (1993). Gochis's counsel responds by arguing that his failure to object should be excused because when he substituted for Gochis's first counsel after Gochis had already signed the consent form, he was misled by language on the consent form that the magistrate judge had already informed Gochis of his right to be tried by a district judge. This is a rather weak excuse for counsel's failure to object. When he took over the case, had he or his client had any concern about the magistrate judge presiding, he had ample opportunity to review the transcript of the colloquy proceedings, discover the magistrate judge's omission, and make a timely objection. But because it is clear that Gochis suffered no prejudice as a result of the magistrate judge's omission, and thus the error was harmless, we will resolve the issue under Rule 52(a).

/6 Gochis argued to the district court that the magistrate judge's error "makes the waiver not

knowingly given." Similarly, Gochis maintained in his brief to this court that his waiver was not intelligent because the form also attests to an event that never occurred, namely, that the magistrate judge had explained to Gochis his right to a district judge. But Gochis has not actually claimed that he did not know of his right to an Article III judge when he filed the written waiver.

/7 The district court stated that: "It may very well be true that defendant intended to consent to having the magistrate judge preside over his trial in the instant case." Gochis, 196 F.R.D. at 528. The court also acknowledged that it had "no reason to doubt that government counsel was informed by defendant's counsel prior to the start of the February 12 arraignment that defendant intended to waive his right to a trial before a district judge but not his right to a jury trial . . . ." Id. at 527. The court concluded: "In the end, it does not matter whether the defendant actually did intend to have his case heard by the magistrate judge or whether he failed to object below, because the magistrate judge failed to comply with Fed. R. Crim. P. 58 and 18 U.S.C. sec. 3401(b)." Id. at 528.

/8 According to the district court, because the pre-printed consent form also stated that the magistrate judge had explained to Gochis his right to an Article III judge, the form "attests to an event that the parties agree never occurred" and thus was "invalid on its face." Gochis, 196 F.R.D. at 527. Although that language on the form was inaccurate, it does not invalidate the other language on the consent form that clearly stated in bold print to Gochis that he was waiving his right to trial and sentencing by a district judge. His main concern was that his case be tried to a jury; he did not sign the jury waiver provision contained on the same consent form.

/9 According to Miller and Marcyes, the following legislative history supports their holdings:

The House Report on the Magistrates Act, then Senate Bill 945, emphasized that a defendant's waiver of his right to a jury trial must be 'knowledgeable' and 'intelligent':

7. It gives the U.S. magistrate an expanded trial jurisdiction over minor criminal offenses when the accused executes a knowledgeable waiver of both his right to trial before a U.S. district court and any right to trial by jury he may have.

* * *

Under the act's provisions, a U.S. magistrate's

valid exercise of his minor offense trial juris-
diction is contingent upon:

(1) His special designation to try these offenses
by the judges of the U.S. district court;

(2) The defendant's election to be tried before
a magistrate rather than a judge of the U.S.
district court; and

(3) The defendant's intelligent waiver of whatev-
er right to jury trial he may have before the
district court.

H.Rep.No.1629, 90th Cong., 2d Sess. (1968). 1968
Cong. & Admin. News, pp. 4254, 4264.

  Mr. Poff, a proponent of the bill, pointed out
during the House debates the

indispensability of the magistrate's explanation:
Third, even a specially designated magistrate
will be unable to exercise his jurisdiction
unless both the prosecutor and the accused con-
sent. The magistrate will be required to give
every defendant brought before him a careful
explanation of his right to elect trial before a
judge of the district court and of his right, in
appropriate cases, to demand trial by jury before
that judge. S. 945 specifically forbids the
magistrate toproceed to trial unless the defen-
dant, having heard the magistrate's explanation,
executes a written election.

Marcyes, 557 F.2d at 1367 n. 4; Miller, 468 F.2d
at 1043 n. 4.

/10 McCarthy specifically stated that "This decision
is based solely upon our construction of Rule 11
and is made pursuant to our supervisory power
over the lower federal courts; we do not reach
any of the constitutional arguments petitioner
urges as additional grounds for reversal." 394
U.S. at 464. Therefore, Congress had the authori-
ty to adjust the statute that the Court had
strictly applied.

/11 We also note that Rule 11(h) was added to Rule 11
"because some courts have read McCarthy as mean-
ing that the general harmless error provision in
Rule 52(a) cannot be utilized with respect to
Rule 11 proceedings. Thus [Rule 11(h)] should not
be read as suggesting that Rule 52(a) does not
apply in other circumstances because of the
absence of a provision comparable to [Rule 11(h)]
attached to other rules." Fed. R. Crim. P. 11(h)
advisory committee's note.

/12 We note that Gochis may still appeal his other
challenges to his conviction and sentence to the

district court.