**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert R. WASHINGTON,
Defendant–Appellant.**

No. 03–3154.

United States Court of Appeals,
Seventh Circuit.

Submitted May 25, 2004.

Decided May 25, 2004.

Rita M. Rumbelow, Madison, WI, for Plaintiff–Appellee.

Robert R. Washington, Leavenworth, KS, pro se.

Before BAUER, EASTERBROOK, and WILLIAMS, Circuit Judges.

ORDER

Robert Washington pleaded guilty to possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and received a sentence of 120 months' imprisonment and three years' supervised release. Washington filed a notice of appeal, but his appointed lawyer now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Washington was notified that he could respond to the *Anders* brief, but he did not do so. Because counsel's brief is facially adequate, we review only the potential issues it identifies. *See United*

States v. Johnson, 248 F.3d 655, 667–68 (7th Cir.2001) (citing United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997) (per curiam)).

Police in Beloit, Wisconsin, stopped a car driven by Washington early in the morning on March 10, 2003, after a car matching its description was reported leaving the scene of a shooting at 541 Euclid Avenue. Believing that Washington might be armed, the police ordered him and his passenger from the car, handcuffed them, and searched the car, finding a loaded semiautomatic handgun in the front console. Washington then informed the officers that he had been shot in the foot, so they took him to the hospital, where he eventually admitted to detectives his involvement in the Euclid Avenue shooting (at which he himself appears to have been the only one injured). He was later charged by federal authorities under § 922(g)(1), having been previously convicted of possessing cocaine with intent to deliver. Washington moved to suppress both the gun found in the car and his statements at the hospital, arguing that he was arrested without probable cause and that his confession was involuntary. After an evidentiary hearing, a magistrate judge recommended denying the motion. Washington filed no objections to the recommendation, which the district court adopted. Washington then offered a conditional guilty plea. He moved at sentencing to withdraw his plea and dismiss his attorney, but that motion too was denied. The court calculated his guideline range at 151 to 188 months, which was above the ten-year statutory maximum. The court thus sentenced him to 120 months' imprisonment.

■ Counsel first asks whether Washington could challenge the district court's denial of his motion to suppress. Counsel suggests that it would be frivolous to argue that the police's search of Washington's car was improper: not only did the police have reasonable suspicion that the occupants of the car had been involved in a shooting and possessed a weapon, see United States v. Wimbush, 337 F.3d 947, 950 (7th Cir.2003), but they also had observed the car speeding and running a red light, see United States v. Hernandez–Rivas, 348 F.3d 595, 599 (7th Cir.2003). As for Washington's statements at the hospital, counsel finds no evidence in the record that they were the result of any form of police coercion, see United States v. Huerta, 239 F.3d 865, 871 (7th Cir.2001), or that Washington's will or understanding were impaired by the pain of his wound or the effect of painkillers, see United States v. Walker, 272 F.3d 407, 412–13 (7th Cir. 2001). In any event, counsel notes, Washington did not object to the magistrate judge's recommendation that the motion be denied, and thus waived the right to appeal the issues it addressed. See Hernandez–Rivas, 348 F.3d at 598. We agree that any challenge to the denial of Washington's motion to suppress would be frivolous.

■ Counsel next asks whether it would be frivolous to argue that Washington's guilty plea was not knowing and voluntary. Counsel observes that the district court complied with the requirements of Fed. R.Crim.P. 11 at Washington's change-of-plea hearing, except that it did not advise Washington that he could be subject to restitution or forfeiture. But because neither restitution nor forfeiture was in fact imposed—indeed, neither could be on these facts—counsel concludes that this, if error, was harmless. See Fed.R.Crim.P. 11(h); United States v. Gochis, 256 F.3d 739, 746 (7th Cir.2001). We agree with counsel that this argument would be frivolous.

■ Counsel next considers whether Washington could argue that the court should have allowed him to withdraw his guilty plea. His request was based on newly discovered statements from witnesses at the Euclid Avenue residence concerning how Washington came into possession of the gun. Counsel points out, however, that Washington's felon-in-possession charge was not based on how or why he obtained the weapon, but rather on the admitted fact that he possessed the gun as he fled from the scene, so the witness statements would have had no bearing on Washington's guilt or innocence. *See United States v. Gomez–Orozco,* 188 F.3d 422, 425 (7th Cir.1999) (request to withdraw guilty plea because of legal innocence must be based on evidence sufficient to show innocence). Counsel concludes, and we agree, that this argument would therefore be frivolous.

Counsel also asks whether Washington could argue that the district court should have allowed him to dismiss his appointed attorney. This request was based primarily on the attorney's failure to object to the magistrate judge's recommendation concerning the motion to suppress. For the reasons discussed above, counsel suggests that any such objections would themselves have been frivolous. In any event, counsel notes that this court will find that a court abused its discretion by denying a motion for new counsel only after considering whether the motion was timely, whether it was adequately addressed by the court, and whether it established a "total lack of communication preventing an adequate defense." *United States v. Bjorkman,* 270 F.3d 482, 500 (7th Cir.2001) (per curiam). Counsel concludes that Washington's motion would be unable to pass this test. Washington presented the motion at the sentencing hearing, more than two months after pleading guilty and even longer after his attorney had failed to object to the magistrate judge's recommendation. The court considered the motion and concluded that it did not establish a complete failure of communication between Washington and his attorney, but only a difference of opinion about litigation strategy. We agree with counsel that this argument too would be frivolous.

Finally, counsel considers whether Washington could challenge the sentence he received. The court calculated a total offense level of 30, based in part on a four-level upward adjustment under U.S.S.G. § 2K2.1(b)(5) for possessing the firearm in connection with the felony offense of recklessly endangering safety, Wis. Stat. § 941.30. Washington objected to this finding, insisting that it wasn't he who fired the gun, but the court concluded that the evidence—including accounts from several eyewitnesses—contradicted this denial. Counsel suggests that it would be frivolous to argue that the court's factual conclusions were clear error. *See United States v. Carroll,* 346 F.3d 744, 747 (7th Cir.2003). Having reviewed the evidence in question, we agree.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal. We DENY Washington's request for the appointment of new counsel.